1. Automobiles — Operators — Intoxication — Chemical Tests — Statutes — Construction.

A statute dealing with chemical testing of motor vehicle operators to determine the alcoholic content in their blood must be read in its entirety to determine legislative intent (MCLA 1969 Cum Supp § 257.625a *et seq.*).

2. Automobiles — Operators — Intoxication — Chemical Tests — Implied Consent.

A person who operates a motor vehicle on Michigan public highways is deemed to have consented to chemical tests being made to determine the alcoholic content of his blood if he is arrested for driving a vehicle while under the influence of intoxicants or while his ability to operate a vehicle has been impaired because of his consumption of intoxicating liquors (MCLA 1969 Cum Supp § 257.625c).

3. Automobiles — Operators — Intoxication — Chemical Tests — Right to Demand — Admissibility.

A person accused of driving a motor vehicle while under the influence of intoxicating liquors must be informed that he has a right to demand that *one* of the tests provided by statute shall be given to him and that the test results shall be considered with other competent evidence in determining his innocence or guilt (MCLA 1969 Cum Supp § 257.625a[3]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 334.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260.
[3–7, 9, 11, 14] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332–334.
[8] 50 Am Jur, Statutes § 217 *et seq.*
[10] 16 Am Jur 2d, Constitutional Law §§ 335, 542–547.
[12] 7 Am Jur 2d, Automobiles and Highway Traffic § 109.
[13] 7 Am Jur 2d, Automobiles and Highway Traffic § 262.

4. AUTOMOBILES — OPERATORS — INTOXICATION — CHEMICAL TESTS — CONSENT — DEMAND — STATUTES — PURPOSE.

Statutory provisions requiring a person accused of driving a motor vehicle while under the influence of intoxicating liquors to consent to a chemical test and also giving that person a right to demand that such a test be made are consistent with each other and protect an accused by prohibiting police from denying him some chemical test (MCLA 1969 Cum Supp §§ 257-.625c, 257.625a[3]).

5. AUTOMOBILES—OPERATORS—INTOXICATION—CHEMICAL TESTS—REFUSAL.

A person charged with operating a motor vehicle while under the influence of intoxicating liquors must be advised that his refusal to take a chemical test to determine the alcoholic content of his blood shall result in the suspension or revocation of his driver's license (MCLA 1969 Cum Supp § 257.625a[4]).

6. AUTOMOBILES — OPERATORS — INTOXICATION — CHEMICAL TESTS — BREATH TEST — DEMAND.

A person accused of operating a motor vehicle while under the influence of intoxicating liquors has a right to demand that *one* of the statutory tests be given to him but he cannot specify a particular test with one exception: an accused can demand that only a breath test shall be given, in which case his refusal to submit to any other tests shall not constitute a refusal for the purposes of suspending or revoking his driver's license (MCLA 1969 Cum Supp § 257.625a[3], [6]).

7. AUTOMOBILES — OPERATORS — INTOXICATION — CHEMICAL TESTS — RIGHT.

After an accused has taken a chemical test given by arresting authorities to determine the alcoholic content in his blood, he must be informed that he will be given a reasonable opportunity to have a person of his own choosing administer one of the chemical tests specified by statute within a reasonable time after his detention; however, an accused need not be informed of this right unless he takes a chemical test selected and administered by an officer (MCLA 1969 Cum Supp § 257-.625a[3]).

8. STATUTES—CONSTRUCTION.

Statutes should be interpreted, if possible, to give full effect to each provision.

9. Automobiles—Operators—Intoxication—Chemical Tests—Refusal—Breath Test—Effect.

   Police officers have the right to request a person accused of driving a motor vehicle while under the influence of intoxicating liquors to take a *particular* test and an accused must take the offered test, exercise his statutory option of demanding that only a breath test be given, or risk revocation or suspension of his driver's license (MCLA 1969 Cum Supp § 257.625a[3], [6]).

10. Constitutional Law—Due Process—Criminal Law.

    The rights granted to an accused by the due process clause are confined to criminal prosecutions (US Const, Am 5).

11. Automobiles — Operators — Intoxication — Chemical Tests — Blood Sample — Constitutional Law.

    An accused's constitutional right to a reasonable opportunity to obtain a timely blood sample to determine the alcoholic content of his blood when he is charged with driving while intoxicated or while his ability to drive has been impaired by intoxicating liquor is confined to criminal prosecutions and is not applicable to civil proceedings.

12. Automobiles — Operators — Intoxication — Driver's License — Suspension, Revocation — Civil Proceedings.

    A proceeding to suspend or to revoke the driver's license of a person accused of operating a motor vehicle while under the influence of intoxicating liquors is civil in nature.

13. Automobiles — Operators — Intoxication — Chemical Tests — Blood Sample.

    Police denial of an accused's request for a blood test to determine its alcoholic content does not prohibit suspension of an accused's driver's license where he has not "reasonably refused" to take a chemical test offered by police (MCLA 1969 Cum Supp § 257.625a[3], [4], [6]).

14. Automobiles — Operators — Intoxication — Chemical Tests — Police Offer.

    Plaintiff had no statutory right to have a person of his own choosing administer a blood test to him to determine its alcoholic content where he never consented to the breath test request by a police officer and because of this refusal plaintiff's license was subject to suspension or revocation (MCLA 1969 Cum Supp § 257.625a[3], [4], [6]).

1969]    COLLINS v. SECRETARY OF STATE    501

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 June 6, 1969, at Lansing. (Docket No. 6,627.) Decided October 2, 1969. Leave to appeal granted June 11, 1970. See 383 Mich 790.

Complaint by Clyde Collins against the Secretary of State to compel restoration of his driver's license. Judgment for plaintiff. Defendant appeals. Reversed and remanded for reinstatement of 90-day license suspension.

*James Thomson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Wallace K. Sagendorph,* Assistant Attorney General, for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

LESINSKI, C. J. Plaintiff was arrested in Ann Arbor for driving a motor vehicle while under the influence of intoxicating liquor (MCLA § 257.625b [Stat Ann 1968 Rev § 9.2325 (2)]). After being taken to the Ann Arbor police station he was advised of his rights, including his right to a chemical test to determine intoxication as provided by MCLA 1969 Cum Supp § 257.625a, *et seq.* (Stat Ann 1968 Rev and 1969 Cum Supp § 9.2325[1] *et seq.*). Pursuant to that statute, plaintiff was offered a breath test. When plaintiff telephoned his attorney, however, he was advised instead to take a blood test. Therefore, plaintiff requested that the officers take him to a nearby hospital for such a test. The arresting officer testified that because plaintiff unconditionally refused to take the breath test offered, the officer refused to make arrangements for plain-

tiff to have a blood test. Plaintiff, to the contrary, testified that after he told the police he would take the breath test only if a blood test were also administered to him, the police refused to make any arrangements for the blood test.

Pursuant to MCLA 1969 Cum Supp § 257.625f (Stat Ann 1968 Rev § 9.2325[6]), plaintiff's driver's license was suspended for a 90-day period commencing April 17, 1968, based upon plaintiff's alleged refusal to take the chemical test provided.

Following issuance of an order staying the suspension and pursuant to a petition by plaintiff, the Washtenaw county circuit court held a hearing on plaintiff's claim of certain procedural inadequacies regarding the chemical tests. Because of these inadequacies, the trial court set aside the order of suspension and ordered plaintiff's operator's license returned to him.

Defendant Secretary of State appeals, claiming the trial court erred: (1) in finding that a police officer may not choose the *particular* chemical test to be administered and (2) in determining that a person arrested for driving under the influence of intoxicating liquor can refuse a breath test without loss of license where he instead requests a blood test. In reply, plaintiff argues that his license should not be suspended because refusal of the blood test constitutes denial of plaintiff's statutory and constitutional rights.

The statute regarding chemical testing to determine intoxication, MCLA § 257.625a, *et seq.* (Stat Ann 1968 Rev and 1969 Cum Supp § 9.2325[1] *et seq.*), must be read in its entirety to determine legislative intent. MCLA 1969 Cum Supp § 257.625c (Stat Ann 1968 Rev § 9.2325[3]), provides in part:

"A person who operates a vehicle upon the public highways of this state is deemed to have given con-

sent to chemical tests of his blood, breath, urine or other bodily substances for the purpose of determining the alcoholic content of his blood if:

"(a) He is arrested for driving a vehicle while under the influence of intoxicating liquor, or while his ability to operate a vehicle has been impaired due to the consumption of intoxicating liquor."

Moreover, MCLA 1969 Cum Supp § 257.625a(4) (Stat Ann 1968 Rev § 9.2325[1][4]), states:

"The person charged shall be advised that his refusal to take a test as herein provided shall result in the suspension or revocation of his operator's or chauffeur's license or his operating privilege."

Thus a person accused of driving while under the influence of intoxicating liquor has the power to refuse to take a chemical test, but only at the risk of suspension or revocation of his license.

The latter portion of MCLA 1969 Cum Supp § 257.625a(3) (Stat Ann 1968 Rev § 9.2325 [1][3]), states:

"Any person charged with driving a vehicle while under the influence of intoxicating liquor shall be informed that he has the right to demand that one of the tests provided for in paragraph (1) shall be given him, and the results of such test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant."

This provision, consistent with other provisions requiring an accused to consent to a chemical test, protects the accused by prohibiting police from denying the accused some chemical test. An accused has the right "to demand that *one* of the tests" shall be given him. Plaintiff asserts that because this provision does not state that the police may choose the particular test to be given, the provision allows

an accused to determine the specific test to be given. We disagree and find this portion of subsection (3) ambiguous in this regard since the provision is equally capable of being interpreted to require only that police officers offer the accused one of the tests among those specified by the statute.

Similarly, our analysis of the first portion of subsection (3) convinces us of its ambiguity regarding a police officer's right to choose the test to be offered. That provision states:

"A person charged with driving a vehicle while under the influence of intoxicating liquor who takes a chemical test administered at the request of a police officer as provided in paragraphs (1) and (2) hereof, shall be informed that he will be given a reasonable opportunity to have a person of his own choosing administer one of the chemical tests as provided in this section within a reasonable time after his detention, and the results of such test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant."

This sentence recognizes that a defendant, *after* submission to a chemical test administered at the request of a police officer, shall be given a reasonable opportunity to have a person of his own choosing administer one of the chemical tests.

The extent of the rights guaranteed by statute is clarified in MCLA 1969 Cum Supp § 257.625a(6) (Stat Ann 1968 Rev § 9.2325[1][6]), which states:

"Notwithstanding any other provision of this act, a person requested to take this test shall be advised that he has the option to demand that only a breath test shall be given, in which case his refusal to submit to any other test shall not constitute a refusal for the purposes of sections 625d and 625f."

This subsection by negative inference indicates legislative intent that police officers choose the particular chemical test to be offered an accused; the sole exception is that the accused has the option of taking a breath test. Subsection a(6) was added to the statute when subsection a(3), *supra,* was amended.[1] Before the 1967 amendment, subsection a(3) provided in part:

"Any person charged with driving a vehicle while under the influence of intoxicating liquor shall have the right to demand that *one* of the tests provided for in paragraph (1) *must be given him, provided facilities are reasonably available to administer such test,* and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant." (Emphasis supplied.)[2]

The former provision implied that an accused was entitled to demand a specific chemical test, where facilities were reasonably available. The amendment deleted the words "provided such facilities are reasonably available to administer such test", and effectively removed subsection (3)'s implication that the accused can demand a specific test. Instead, together with subsection a(6), the revision of subsection a(3) created a negative implication that the police could request the accused to take a particular test subject to the accused's option of having a breath test.[3]

Plaintiff, however, would have this Court decide that an accused may choose the particular chemical

---

[1] PA 1967, No 253, § 1, MCLA 1969 Cum Supp § 257.625a (Stat Ann 1969 Cum Supp § 9.2325[1]).

[2] MCLA § 257.625a(3) (Stat Ann 1968 Rev § 9.2325[1] [3]).

[3] This option in effect requires each police department to have breath test apparatus available in order to provide an accused the opportunity to choose the least offensive chemical test.

test to be taken at the request of an officer. Under his analysis, subsection (3) offers him this choice. However, if such a choice were provided under subsection (3), subsection (6) would be superfluous, since subsection (6) offers an accused a choice between taking the test offered by police or taking a breath test. Furthermore, subsection (3) would be inconsistent with subsection (6) were it interpreted to offer an accused a broader choice than subsection (6) provides.

Legislation should be interpreted, if possible, so as to give full effect to each statutory provision. Proper construction of the statute requires that subsections (3) and (6) be read so as to give police officers the right to request an accused to take a *particular* chemical test. An accused must: (1) take the test offered by police officers; (2) take a breath test pursuant to subsection (6); or (3) risk revocation or suspension of his license.

In the instant case plaintiff was initially offered a breath test by police officers; therefore, he was entitled to no additional option under subsection (6). Since plaintiff refused the breath test offered, his license is subject to suspension or revocation.

Plaintiff, however, contended that his license should not be suspended because his refusal of the breath test was grounded upon the police officer's denial of his right to a blood test. He asserts in his brief that he was unconstitutionally denied due process by the denial of his right to a blood test.

This Court recognized the accused's constitutional right to a reasonable opportunity to obtain a timely blood sample in *People* v. *Burton* (1968), 13 Mich App 203. There, we stated (pp 206, 207):

"There is respectable authority for the proposition that a person is deprived of due process of law when he is denied a reasonable opportunity, under

the circumstances, to obtain a timely sample of blood at his own expense. See *State* v. *Munsey* (1956), 152 Me 198 (127 A2d 79); *In re Newbern* (1959), 175 Cal App 2d 862 (1 Cal Rptr 80, 78 ALR2d 901); *In re Koehne* (1960), 54 Cal 2d 757 (8 Cal Rptr 435, 356 P2d 179); Annotation: 78 ALR2d 905. To the same effect, see *In re Martin* (1962), 58 Cal 2d 509, 512 (24 Cal Rptr 833, 835, 374 P2d 801, 803), in which the court declared:

" 'But in no event can duly constituted authority hamper or interfere with efforts on the part of an accused to obtain a sampling of his blood, without denying to him due process of law. We are persuaded to such conclusion in any instance where the conduct of the authorities, whether through affirmative action or by the imposition of their rules and regulations, imposes any material obstacle in the path of the accused * * * It is sufficient if, in seeking to establish the fact of the alcoholic content of his blood, the authorities, by their actions or regulations, frustrate his reasonable efforts designed to produce probative evidence.' "

Thus, in criminal prosecutions, denial of an accused's right to a reasonable opportunity to obtain a sample of his blood will result in a reversal of his conviction. However, the rights granted an accused by the due-process clause are confined to criminal prosecutions. See *Finocchairo* v. *Kelly* (1962), 11 NY2d 58 (226 NYS2d 403, 181 NE2d 427), (and especially the concurring opinion thereof). Since the instant case is civil in nature, denial by police of the accused's right to obtain a blood sample where the accused refused to take the test offered by police did not prohibit suspension of his license. *Finocchairo* v. *Kelly, supra.*

Although the trial court failed to make a finding of fact as to whether plaintiff unconditionally refused a breath test or refused because he was denied a blood test, we hold that in either event plaintiff is

subject to suspension of his license. A license may be suspended or revoked where the accused has not "reasonably refused" to submit to the test requested by an officer (MCLA 1969 Cum Supp § 257.625f[2] [Stat Ann 1968 Rev § 9.2325(6)(2)]). Under MCLA 1969 Cum Supp § 257.625a(3) (Stat Ann 1969 Cum Supp § 9.2325[1][3]), the accused need not be informed of his right to have a person of his own choosing administer a chemical test unless he takes a chemical test administered at the request of a police officer. Therefore, the statute implies that an accused has no statutory right to have a person of his own choosing administer a chemical test until after he takes the test offered by police officers. Since plaintiff never consented to the test requested by the officers, he had no statutory right to have a person of his own choosing administer a chemical test. Therefore, plaintiff properly was subject to suspension or revocation of his license when he refused to take the test requested by police.

The statutory scheme provides for simplicity in administration. An accused who refuses the test offered by police (or the breath test), is subject to suspension or revocation of his license. If an accused properly takes the test offered by the police (or the breath test), his license will not be suspended or revoked since he has taken the required test.

Since plaintiff in the instant case refused the breath test offered by police, his license properly was suspended for a 90-day period. The trial court erred in setting aside the order of suspension.

The decision of the trial court is reversed and this cause remanded for trial court reinstatement of the suspension for a 90-day period. Costs to defendant.

All concurred.