Argued November 20, reversed with instructions December 3, 1970,
petition for rehearing denied and former opinion adhered to
with supplementation January 7, petition for
review denied March 9, 1971

## STRATIKOS, *Respondent, v.* DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

477 P2d 237
478 P2d 654

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Nicholas D. Zafiratos,* Astoria, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

■ This is an appeal by the Department of Motor Vehicles from judgment of the circuit court to which the case was tried without a jury. It was held that the plaintiff had not refused to take a breathalyzer test as required by the Act entitled "Implied Consent Law." ORS 482.540 through 482.580 and 483.634 through 483.646.

The Oregon Supreme Court in *Heer v. Dept. of Motor Vehicles*, 252 Or 455, 450 P2d 533 (1969), and *Burbage v. Dept. of Motor Vehicles*, 252 Or 486, 450 P2d 775 (1969), upheld the statutes. *Burbage* held that the appeal to the circuit court from the Department's administrative determination of loss of driver's license, provided by ORS 482.560, is a civil action.

The evidence was that after the plaintiff's arrest the arresting officer, having reasonable grounds to believe plaintiff was driving the vehicle and was under the influence of alcohol, requested him to submit to a breathalyzer test. The plaintiff answered, "I'll not take the test without my attorney present." The Department administratively found this was a refusal and imposed the statutory sanction of loss of driver's license. As previously noted, on appeal to the circuit court it was held that what plaintiff said did not amount to refusal to take the test.

Plaintiff asserts, "The key question is whether or not the taking of a breath test is at such a critical stage of a criminal proceeding so as to require the presence of counsel as guaranteed by Wade." (*United*

*States v. Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967).) As noted above, *Burbage* holds that this is a civil proceeding. There is no threat to plaintiff's personal freedom. The only sanction is loss of driver's license for 90 days. ORS 483.634(3), *inter alia*, expressly provides that evidence of a refusal to take the test shall not be admissible in any criminal action.

Other jurisdictions in which the same question has been tried have rejected plaintiff's contention. In *State v. Pandoli*, 109 NJ Super 1, 262 A2d 41 (1970), the petitioner contended that there was no flat refusal to take the test where he refused to take the test until he had an opportunity to call his attorney. As in the case at bar, the upshot of the demand was that he did not take the test. The court said:

"* * * As a matter of law, defendant had no right to have the advice of an attorney before determining whether he would accede to the test, insofar as the sanction of revocation for refusal is concerned. See *State v. Kenderski*, 99 N.J. Super. 224, 229-230 (App. Div. 1968); *Ent v. State, Department of Motor Vehicles*, 71 Cal. Rptr. 726 (Ct. App. 1968).

"In any event, the request for consultation with counsel necessarily involved a delay in administration of the test. Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and the physiological processes tend to eliminate evidence of ingested alcohol in the system, it is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. * * * The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request." 109 NJ Super at 4.

A line of California cases has held that a qualified refusal to take the test, the qualification being that attorney or physician be present, is a refusal calling for loss of driver's license, and this is so even though the equivocation causes only 30 to 40 minutes loss of time in administering the test. *Ent v. Department of Motor Vehicles*, 265 Cal App 2d 936, 71 Cal Rptr 726 (1968) (cited in *Pandoli,* supra); *People v. Sudduth,* 65 Cal2d 543, 55 Cal Rptr 393, 421 P2d 401, *cert denied* 389 US 850 (1967); *Finley v. Orr,* 262 Cal App 2d 656, 69 Cal Rptr 137 (1968); *Fallis v. Department of Motor Vehicles*, 264 Cal App 2d 373, 70 Cal Rptr 595 (1968); *Zidell v. Bright,* 264 Cal App 2d 867, 71 Cal Rptr 111 (1968).

To the same effect see *People v. Gursey,* 22 NY2d 224, 292 NYS2d 416, 239 NE2d 351, 353 (1968), and the determination of an allied question in *Collins v. Secretary of State,* 19 Mich App 498, 507, 172 NW2d 879 (1969). We have been cited, and we have found, no decision to the contrary.

*Ent,* supra, indicates that if the case were criminal in nature, the holding of *Wade,* supra, would not require the presence of counsel on the accused's demand therefor. See also, *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966). However, we find it unnecessary to consider the question.

Reversed, with instructions to reinstate the order of the Department of Motor Vehicles suspending plaintiff's driver's license.

### ON PETITION FOR REHEARING

Driver's license suspension proceedings. The Circuit Court, Multnomah County, Charles S. Crookham, J., reversed order of Department of Motor Vehicles suspending driver's license and the Department appealed. The Court of Appeals, reversed with in-

structions, 477 P.2d 237, and state petitioned for rehearing. The Court of Appeals, Langtry, J., held that finding that because plaintiff demanded that his attorney be present before he would take breathalyzer test, it could not be said that he had refused to take the test was adequate finding of fact under statute dealing with findings to be made by hearing officer on plaintiff's contentions that police officer did not have reasonable grounds to believe that plaintiff had been driving under influence of intoxicating liquor, that plaintiff had not refused to submit to breathalyzer test, that plaintiff was not properly informed of consequences of his refusal to submit to test and that plaintiff was not properly informed of his rights.

Rehearing denied.

On respondent's petition for rehearing filed December 23, 1970.

Nicholas D. Zafiratos, Astoria, for petition.

No appearance contra.

Before Schwab, Chief Judge, and Langtry, Foley, and Fort, Judges.

LANGTRY, J.

■ In a petition for rehearing, *inter alia,* the defendant asserts that the trial court failed to make findings of fact under ORS 482.550(2). This section deals with findings to be made by the hearing officer.

However, the amended complaint on appeal to the circuit court from the suspension of driver's license alleged: (1) that the police officer did not have reasonable grounds to believe that the plaintiff had been driving under the influence of intoxicating liquor; (2) that the plaintiff did not refuse to submit to the breathalyzer test; (3) that the plaintiff was not properly informed of the consequences "under ORS 483.992 to 482.560 [sic]" of his refusal to submit to the test, and (4) that the plaintiff was not properly informed of his rights as provided in ORS 483.638. These are substantially the same questions as those on which the hearing officer must make findings. At conclusion of the case, plaintiff's counsel moved for "dismissal" on the basis of points (1) and (2). We do not know why plaintiff wanted to dismiss his own proceeding unless he misspoke. We assume he was moving for judgment favorable to his client. The court expressly rejected point (1). Point (2) was the basis of the court's final decision, the appeal, and our reversal. When plaintiff moved to dismiss, the court observed that the green form (which was Exhibit I, and contained warnings of all the consequences and rights possibly referred to in points (3) and (4) of the complaint) was read to the plaintiff.

In the trial court's letter opinion, dated five weeks after the hearing, only one finding was made; name-

ly, that because the plaintiff demanded that his attorney be present before he would take the breathalyzer test, it could not be said that he had refused to take the test. Our opinion reversed this finding, and we now adhere to that opinion. We think the record thus shows findings on all four contentions.

The petition for rehearing is denied.