Delmar Edson SWENUMSON,
Appellant,

v.

IOWA DEPARTMENT OF PUBLIC SAFE-
TY, Appellee.

No. 56059.

Supreme Court of Iowa.

Sept. 19, 1973.

R. L. Donohue, West Union, for appellant.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from trial court's judgment revoking plaintiff's driver's license for 180 days because of his refusal to submit to a chemical test under the implied consent law, chapter 321B, The Code. We affirm.

The sole issue is whether plaintiff refused to take the test within the meaning of § 321B.7, The Code.

A peace officer is authorized to request a specified chemical test of a "person who operates a motor vehicle in this state upon a public highway, under such circumstances as to give reasonable grounds to believe the person to have been operating a motor vehicle while under the influence of an alcoholic beverage," after placing him under arrest. § 321B.3, The Code. Such person is deemed to have consented to the test.

But, "if such peace officer fails to provide such test within two hours after such arrest, no test shall be required, and there shall be no revocation under the provisions of section 321B.7." *Ibid.* The officer must advise the person that a refusal to take the chemical test will result in revocation of his driver's license. § 321B.6, The Code. If the person refuses to submit to the chemical testing, no test is given, but the commissioner of public safety must, insofar as relevant here, revoke his driver's license for a period of not less than 120 days nor more than one year. § 321B.7, The Code.

Our review is de novo. The proceeding is administrative and not criminal. The burden of proof is on the plaintiff motorist. Shellady v. Sellers, 208 N.W.2d 12, 13 (Iowa 1973). Especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f)(7), Rules of Civil Procedure.

We will first summarize the evidence which is undisputed. Plaintiff Delmar Edson Swenumson, a civil engineer, was formally arrested for OMVUI at 1:32 a. m. November 28, 1971, at the police station in Oelwein. He was given Miranda warnings. Then at 1:40 a. m. he was given a written request for a blood test. He said he wanted to contact an attorney. A urine test was then requested. Plaintiff responded, "I don't want to take the test. I want to contact an attorney for advice." With the assistance of the arresting officer, plaintiff attempted to secure a lawyer. Four telephone calls were made. The lawyer reached on the first call declined to represent plaintiff. The second call was not completed. The lawyer reached on the third call declined to represent plaintiff. The fourth call was placed to the lawyer first called. He finally agreed to represent plaintiff and came to the police station, arriving about 3:00 a. m. He conferred with plaintiff from then until about 3:30 a. m. After 3:32 a. m. the officer notified plain-

tiff and his attorney the two-hour period within which a chemical test could be administered had expired.

Other testimony was disputed. The officer asserted when he first explained the implied consent procedure he told plaintiff there was a time limit for giving the test and he must give an answer one way or the other. He testified he repeated his request for tests after each phone call and plaintiff said each time he wished to talk to a lawyer. The officer said he overheard defendant say during his third telephone call, "I'm trying to stall the test." Plaintiff denied he was told of a time limitation. He admitted the officer made several requests for tests and his response was he wished to talk to an attorney first. He denied stalling or saying he was stalling.

Two questions inhere in plaintiff's single assignment of error: (1) does a refusal to take a chemical test because of a desire to consult counsel constitute a refusal to take the test within the meaning of § 321B.7? (2) did the giving of the Miranda warning in this case mislead and confuse plaintiff so that his refusal to take the test without advice of counsel was justified?

■ I. *The qualified response.* It is well established that the state and federal constitutional right to counsel does not apply to an implied consent proceeding. Gottschalk v. Sueppel, 258 Iowa 1173, 1179, 140 N.W.2d 866, 869 (1966) ("Neither provision is applicable to this administrative proceeding * * *."). Because such right does not exist in this kind of proceeding, it has been generally held either an affirmative or negative response to a request for chemical test which is conditioned on obtaining the advice of counsel amounts to a refusal to take the test. See Rust v. Department of Motor Vehicles, Div. of Driver's Lic., 267 Cal.App.2d 545, 73 Cal. Rptr. 366, 367 (1968) ("A suspected drunk driver has refused to take the blood alcohol test when he conditioned his consent on

having counsel present; he is not entitled to the advice of counsel in connection with the test * * *."); Mills v. Bridges, 93 Idaho 679, 471 P.2d 66 (1970); State v. Palmer, 291 Minn. 302, 191 N.W.2d 188 (1971); Rusho v. Johns, 186 Neb. 131, 181 N.W.2d 448 (1970); State v. Pandoli, 109 N.J.Super. 1, 262 A.2d 41 (1970); Story v. Hults, 19 N.Y.2d 936, 281 N.Y.S.2d 342, 228 N.E.2d 398 (1967); Hunter v. State, 25 Ohio Misc. 117, 266 N.E.2d 599 (1970); Stratikos v. Department of Motor Vehicles, 4 Or.App. 313, 477 P.2d 237, 478 P.2d 654 (1970); Commonwealth v. Morris, 218 Pa. Super. 347, 280 A.2d 658 (1971); State v. Dellveneri, 128 Vt. 85, 258 A.2d 834 (1969); Deaner v. Commonwealth, 210 Va. 285, 170 S.E.2d 199 (1969).

Although courts in some jurisdictions equivocate as to propriety of delay in response to the request, we share the view expressed by the New Jersey court in People v. Pandoli, supra:

"Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and the physiological processes tend to eliminate evidence of ingested alcohol in the system, it is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. [citation] The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request." Id., 262 A.2d at 42.

Consonant with this view we have held non-cooperation constitutes refusal. Buda v. Fulton, 261 Iowa 981, 157 N.W.2d 336 (1968). And we have held one refusal is determinative. Krueger v. Fulton, 169 N.W.2d 875, 878–879 (Iowa 1969). The two-hour period defines the period during which the test must be given; it does not define a period during which at any time the arrested person may decide he is willing to take it.

■ Plaintiff's conditional refusal to take either of the requested chemical tests was a refusal to take such tests within the meaning of Code § 321B.7.

II. *The Miranda warning.* The record shows plaintiff was advised after his arrest of his privilege against self-incrimination and right to counsel as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Since the Miranda warning applies to interrogation and the implied consent procedure relates to submission of a bodily substance to chemical testing, the warning does not purport to make the Miranda rights applicable during the implied consent proceeding. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). However, it has been recognized the juxtaposition of the Miranda warning, the implied consent procedure, and the request for chemical test may raise a question of fact as to whether the arrested person was misled or confused by the Miranda warning to believe he had a right to the advice of counsel before responding to the request for chemical test. See Lagomarsino v. Director of Department of Motor Vehicles, 276 Cal.App.2d 517, 81 Cal.Rptr. 193 (1969), and citations. The peace officer invoking the implied consent procedure is therefore well-advised to tell the arrested person the Miranda rights do not apply to the implied consent proceeding.

■ However, there is no evidence plaintiff was misled or confused by the Miranda warning in this case. Upon our de novo review of the entire record, we agree with trial court plaintiff failed to sustain his burden of proof to establish his conditional refusal to take the chemical tests was justified on that basis.

The case is affirmed. The revocation order should now be enforced.

Affirmed.