**Don Merrell MORGAN, Appellee,**

v.

**IOWA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. 2–56700.

Supreme Court of Iowa.

March 19, 1975.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellant.

Gilbert K. Bovard, Mason City, for appellee.

Heard before MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

UHLENHOPP, Justice.

We have here to decide whether appellee Don Merrell Morgan refused to take blood and breath tests for intoxication under the implied consent law. Code 1973, § 321B.3.

Previous to the events involved here, the county attorney and the local law enforcement agencies in Mason City, Iowa, arranged for administration of blood tests for intoxication at Mercy Hospital in that city. As to qualifications of persons who may withdraw blood specimens, see § 321B.4 of the Code.

A Mason City police officer arrested Morgan for operating a motor vehicle while under the influence of intoxicants and took him to the police station. The officer asked defendant to submit to a blood test. Morgan said he would do so. When the officer stated he would call Mercy Hospital, Morgan said he would not go there but would go to Park Hospital to take the test. According to Morgan's subsequent testimony, about 24 years previously his wife had a miscarriage because she did not have the funds which Mercy Hospital required for admission.

The officer stated that arrangements for blood tests had been made only at Mercy and that the test would have to be made there. Morgan refused to take the test at Mercy. The officer thereupon said he would have to mark the implied consent form as a refusal. Morgan responded then that was the way the officer should mark it, which the officer did.

The officer next asked for a breath test. The testimony of the officer and of Morgan differed as to this. The officer testified that he stated to Morgan he would administer this test at the station as the testing box was there and a technician was not required. The officer further testified that Morgan refused this test until he could talk to an attorney. On the other hand, Morgan testified that the officer's request was for a blood or a breath test at Mercy and that Morgan responded he would not consent to the tests at that hospital but would take them at Park. In any event, the officer read the implied consent form to Morgan, who signed the portion of the form stating that he refused to take a breath test.

Morgan did not take either the blood or the breath test.

Within two hours of the arrest, Morgan's attorney appeared, conferred with him, and then departed. After this occurred the officer did not again ask Morgan for a blood or breath test nor did Morgan personally, or through his attorney, offer to take a test. The officer did not tell Morgan or the attorney that Morgan was entitled to a test of his own.

The Iowa Department of Public Safety revoked Morgan's license to drive for a period of 120 days for refusal to take a test, and a hearing officer affirmed the revocation on an administrative appeal. See Code

1973, §§ 321B.7, 321B.8. On appeal to district court, the trial court vacated the revocation. The Department then appealed to this court.

The question in the case is whether Morgan's conduct constituted a refusal of the tests within the meaning of the statute. The case is governed by the decisions of this court in Swenumson v. Iowa Dep't of Public Safety, 210 N.W.2d 660 (Iowa); Janssen v. Sellers, 207 N.W.2d 746 (Iowa); Krueger v. Fulton, 169 N.W.2d 875 (Iowa); Buda v. Fulton, 261 Iowa 981, 157 N.W.2d 336 (Iowa); and Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866. If Morgan's version of events is true, he conditioned his consent on taking the tests at the hospital of his choice. But nothing in the statute authorizes the arrestee to select the place of testing.

We considered conditional consents in Swenumson v. Iowa Dep't of Public Safety, supra (conferring with attorney). We quoted the following from People v. Pandoli, 109 N.J.Super 1, 4, 262 A.2d 41, 42:

> "Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and the physiological processes tend to eliminate evidence of ingested alcohol in the system, it is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. [citation] The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request." 210 N.W.2d 662.

We said:

> Consonant with this view we have held noncooperation constitutes refusal. Buda v. Fulton, 261 Iowa 981, 157 N.W.2d 336 (1968). And we have held one refusal is determinative. Krueger v. Fulton, 169 N.W.2d 875, 878–879 (Iowa 1969). The two-hour period defines the period during which the test must be given; it does not define a period during which at any time

the arrested person may decide he is willing to take it.

> Plaintiff's conditional refusal to take either of the requested chemical tests was a refusal to take such tests within the meaning of Code § 321B.7. 210 N.W.2d 662–663.

See also Fallis v. Department of Motor Vehicles, 264 Cal.App.2d 373, 70 Cal.Rptr. 595.

 What we said in Swenumson determines the present case on the basis of Morgan's own testimony. In addition, the statute contains no requirement that an officer make a second request after the arrestee has consulted an attorney. See Krueger v. Fulton, supra. Nor does the statute state that the officer must tell the arrestee he may have an independent test. See Kesler v. Department of Motor Vehicles, 1 Cal.3d 74, 81 Cal.Rptr. 348, 459 P.2d 900, cert. den. 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 396.

We thus uphold the 120–day revocation by the Department.

Reversed.