Immanuel Michael HOPPE, Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Appellant.

No. 85–1682.

Supreme Court of Iowa.

Feb. 18, 1987.

Rehearing Denied April 9, 1987.

Thomas J. Miller, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellant.

Kathryn Egenberger, Coralville, for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Defendant agency has appealed from the district court's reversal of its action revoking appellee's driver's license for refusal to submit to a chemical test as required by Iowa Code sections 321B.4 and 321B.13 (1985). The district court's decision was affirmed by a two-to-one vote of the court of appeals. We granted further review. The agency claims that the district court and court of appeals erred in concluding that the finding of its hearing officer that appellee had refused to submit to a chemical test was not supported by substantial evidence.

Appellee was stopped by a Davenport police officer on May 16, 1984, and arrested for OWI. He was transported to the Davenport Police Department where an implied consent advisory was read to him. After this point, the facts are in dispute. At the administrative hearing, the trained Alcohol Safety Action Program (ASAP) officer in charge testified that appellee attempted to call his attorney in Muscatine before determining whether to take the test. She also testified that all of the following thereafter occurred.

Appellee was unable to operate the buttons on the TouchTone ® telephone. After several unsuccessful attempts to complete the call, he accidentally contacted some stranger and conversed with her about five minutes before realizing that it was not his attorney. The ASAP officer then offered

appellee a Davenport telephone directory and suggested he try to contact a local attorney. Appellee declined to do so.

The ASAP officer, at this point, insisted that appellee advise her whether he was going to consent to the chemical test. He then began stomping around the room using loud and abusive language which caused another officer to come into the room and restrain him. At this point appellee did check the consent box on the form and sign his name. Following this manifestation of assent, the ASAP officer told him to sit down or she could not proceed with the test. His response was to again become abusive and combative, throw the form at her, and tell her "kiss my ass." The ASAP officer considered this conduct to be a refusal and certified that appellee had refused to submit to chemical testing. Based upon this certification, appellee's driver's license was revoked by the agency.

At the administrative hearing challenging that action, appellee testified that his belligerence and combativeness did not occur until after the ASAP officer had refused to give him the test. The agency hearing officer, however, accepted the testimony of the ASAP officer as correct and found that appellee had been sufficiently uncooperative that his conduct was properly deemed a refusal. The finding of the agency hearing officer was adopted by the agency as its final decision.

Our standard of review with respect to agency findings involving refusal of chemical testing is described in length in *McCrea v. Iowa Department of Transportation*, 336 N.W.2d 427 (Iowa 1983). We applied the standard of section 17A.19(8). In so doing we observed:

> [I]t is not enough, as McCrea contends, that his subjective intentions were to comply with the officer's request. The determination of compliance must be based on objective standards: "[t]he licensee's words, acts, overall conduct and other manifestations of a willingness or unwillingness to take the [chemical] test will be considered...."

*Id.* at 430 (quoting *Hoban v. Rice*, 25 Ohio St.2d 111, 117, 267 N.E.2d 311, 315 (1971)). In *Swenumson v. Iowa Department of Public Safety*, 210 N.W.2d 660, 662 (Iowa 1973), and *Buda v. Fulton*, 261 Iowa 981, 988, 157 N.W.2d 336, 342 (1968), we recognized that noncooperation may constitute refusal.

We do not believe that the fact that in the present case appellee did indicate his consent to submit to the test on the agency form serves to alter the consequences of a subsequent de facto refusal to go through with the testing procedure. Whether appellee's conduct constituted a de facto refusal is, on the record made before the agency, a question of fact. The decision of the agency, finding that a de facto refusal occurred, is supported by substantial evidence in the record. Consequently, it should not have been overturned by the district court or court of appeals. We vacate the decision of the court of appeals and reverse the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.