# IN THE COURT OF APPEALS OF IOWA

No. 18-0958
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELANIE ANNE HOLMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Melanie Anne Holman appeals her conviction for operating while intoxicated, third or subsequent offense. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

This case began when Officer Trevor McGraw stopped a vehicle after observing one of its brake lights was out. During the stop, Officer McGraw observed that Melanie Anne Holman, the driver, showed signs she was under the influence of alcohol; he noticed the odor of an alcoholic beverage emanating from Holman and her eyes were bloodshot and watery. Holman admitted she had consumed shots of whiskey, and Officer McGraw administered field sobriety tests. Based on her performance and a preliminary breath test that showed Holman's blood alcohol concentration (BAC) was .122, Officer McGraw arrested Holman.

After transporting Holman to the jail, Officer McGraw read an implied consent advisory and asked her to take a breath test. The officer offered Holman the chance to make phone calls before deciding whether to take the breath test. Holman consented to the breath test, which showed a BAC of .107. The State charged Holman with operating while intoxicated, third or subsequent offense, and a jury found her guilty.

On direct appeal from her conviction, Holman contends she received ineffective assistance of counsel.[1] We review this claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Holman must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breaches a duty if counsel's performance is not objectively reasonable. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017).

---

[1] Although Iowa Code section 814.7 (2020) prohibits us from considering ineffective-assistance-of-counsel claims on direct appeal, it does not apply to cases pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Holman filed her appeal in 2018.

Holman first argues that counsel breached a duty by failing to move to suppress the results of the breath test and statements she made after her arrest. She claims that Officer McGraw violated her rights under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), because during transportation to the jail, she said she wanted an attorney present with her. But our supreme court has already determined that *Miranda* rights do not apply to a request to submit to chemical testing under implied consent procedures. *See Swenumson v. Iowa Dep't of Pub. Safety*, 210 N.W.2d 660, 663 (Iowa 1973). And Officer McGraw never denied Holman the opportunity to contact an attorney. Instead, Holman repeatedly told the officer that she did not need to call an attorney and had made her decision about testing. Even in the face of Holman's insistence that she had no intention of contacting an attorney, Officer McGraw provided Holman with a phone to ensure her the opportunity to make phone calls. Eventually, Holman used her phone to call her former spouse, who did not answer, before reaching her daughter and having a brief conversation. When Officer McGraw asked if he prevented Holman from calling anyone, Holman did not hesitate in answering, "No." On this record, counsel had no duty to move to suppress the results of Holman's breath test on this basis because there is no reasonable probability that the court would have granted the motion. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (stating "counsel has no duty to raise issues that have no merit").

We next reject Holman's claim that her trial counsel was ineffective in failing to move to suppress statements she made after requesting counsel. The record does not disclose that Officer McGraw testified regarding any incriminating statements Holman made. Only part of the video from the patrol car and the jail

was shown at trial. Because nothing in the record shows that any incriminating statements were shared with the jury, Holman was not prejudiced by any failure of counsel to move to suppress them. The State only prosecuted Holman under Iowa Code section 321J.2(1)(b) (2016), which requires that the State prove she operated a motor vehicle while having a BAC of .08 or more. Any incriminating statements would not prejudice Holman because the State did not prosecute her under the operating-under-the-influence alternative.

We also reject Holman's claim that she did not voluntarily submit to the breath test, her signature on the implied consent advisory notwithstanding. Holman cites *State v. Pettijohn*, 899 N.W.2d 1, 24 (Iowa 2017), for the proposition that the search-incident-to-arrest exception does not apply to breath tests under the Iowa Constitution. She advances that consent, implied under Iowa Code section 321J.6, is involuntary. She seeks to extend *Pettijohn* from its context under our boating-while-intoxicated statutes to our implied consent laws for motor vehicles. But our supreme court expressly disclaimed any conclusion that its holding in *Pettijohn* renders the statutory scheme governing implied consent to testing invalid. 899 N.W.2d at 38 ("[T]his decision only applies to the statutory scheme for operating a boat while under the influence and not to the statutory scheme for operating a motor vehicle while under the influence."); *see also id.* at 39 (Cady, J., concurring specially) (distinguishing our implied consent laws for boating from our implied consent laws for operating motor vehicles).

Finally, Holman contends her trial counsel was ineffective by failing to challenge the sufficiency of the evidence showing she was under the influence of alcohol. As noted above, the State only prosecuted Holman for operating a motor

vehicle with an alcohol concentration of .08 or more. She was not charged with the under-the-influence alternative. Counsel had no duty to challenge the evidence showing she was under the influence.

**AFFIRMED.**