109 N.J. Super. 1 (1970)
262 A.2d 41
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD M. PANDOLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1970.
Decided February 13, 1970.
*2 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. John W. O'Mara argued the cause for appellant (Messrs. Saling, Boglioli & Moore, attorneys)
*3 Mr. Thaddeus C. Raczkowski, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney).
PER CURIAM.
Defendant was subjected to a six-month revocation of his driver's license by the Director of the Division of Motor Vehicles after she concurred in a report by a hearing officer that defendant had refused to take an alcohol breath (drunkometer) test after arrest by a police officer upon reasonable grounds to believe defendant had been operating a motor vehicle while under the influence of intoxicating liquors. N.J.S.A. 39:4-50.4
Defendant first contends the proofs before the hearing officer did not justify the conclusion that he had refused to take the drunkometer test. We disagree. The defendant flatly refused the request by the arresting officer that he take the test. This was after the officer read him the standard form which advises the motorist of the consequences of a refusal (possible six-month revocation). When brought before the officer in charge of administration of the test, who urged him to take it, defendant, to quote his own testimony: "* * * told him if I had to take it, I would, but first I'd like to call an attorney." The upshot was that he did not take the test.
Defendant contends the foregoing facts did not constitute a "flat refusal" to take the test, and that only a refusal of that description can incept a valid revocation under the statute. Defendant cites Sidler v. Strelecki, 98 N.J. Super. 530 (App. Div. 1968), but the case does not so hold. The refusal there was in fact a "flat" one, and the court had no occasion to consider a qualified agreement, which is the case here.
In our view, the Director was justified in finding defendant had refused to take the test. She obviously felt defendant was not merely, as he argues, expressing a preference for, but rather an insistence upon, seeing an attorney before taking the test. We think the reasonable implication of his statement was that if so advised by an attorney he might not *4 take the test. As a matter of law, defendant had no right to have the advice of an attorney before determining whether he would accede to the test, insofar as the sanction of revocation for refusal is concerned. See State v. Kenderski, 99 N.J. Super. 224, 229-230 (App. Div. 1968); Ent v. State, Department of Motor Vehicles, 71 Cal. Rptr. 726 (Ct. App. 1968).
In any event, the request for consultation with counsel necessarily involved a delay in administration of the test. Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and the physiological processes tend to eliminate evidence of ingested alcohol in the system, it is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. See Ent v. State, Department of Motor Vehicles, supra. The occasion is not one for debate, maneuver or negotiation, but rather for a simple "yes" or "no" to the officer's request.
Defendant's further contention that in the purely administrative proceeding below it was required that he be found guilty of a refusal beyond a reasonable doubt is without merit. The rule is preponderance of the evidence. Atkinson v. Parsekian, 37 N.J. 143 (1962). This was not a penal proceeding for drunken driving, where the reasonable doubt rule obtains.
Affirmed.