## Commonwealth v. Croasdale

*Marie Inyang*, for plaintiff.
*John S. Thome, Jr.*, for defendant.

KELTON, *J.*, July 12, 1982—In this license suspension appeal James Croasdale ("the appellant") contends that the Commonwealth's six month suspension of his driver's license under Section 1547 of the Vehicle Code\* is invalid. For the reasons which

---

\*Act of June 17, 1976, P.L. 162, (75 Pa.C.S.A. §1547) (providing for chemical test of breath or blood for determining the alcoholic content of blood.

follow, we dismiss the appeal and sustain the suspension.

The facts as revealed at the hearing before us indicate that appellant was arrested because the police officer believed that he was driving under the influence of alcohol. Appellant concedes that the arresting officer had reasonable grounds to make the arrest.

When asked to submit to a chemical test of his breath or blood for alcoholic content of his blood, appellant indicated that he wanted to take a blood test. He was then taken to Doylestown Hospital but upon his arrival there, he refused to sign the hospital's standard release form required by the hospital before it secured the blood sample. Because of this refusal, the officer took appellant back to the police station and requested that he submit to a breathalyzer examination. He refused to do so.

Section 1547(b)(1) of the Vehicle Code provides for a suspension of operating privileges for six (6) months for refusing to submit to a "chemical test of breath or blood." Sub-section (g) of Section 1547 provides that a blood test is an option where "a person is physically unable to supply enough breath to complete a chemical test."

Therefore, the principal issue in this case is whether or not Croasdale's actions constituted such a refusal to take a chemical test for analysis of breath or blood as would justify a six month suspension under § 1547(b)(1)(i). Appellant contends that Maffei, III v. Com., 53 Pa. Commonwealth Ct. 182, 416 A. 2d 1167 (1980), a blood test case, compels us to hold that the suspension was improper.

We believe that Maffei is distinguishable. There appellant agreed to submit to a blood test at the officer's request. Once at the hospital appellant refused to execute a hospital form which was essen-

tially a waiver form releasing the hospital from liability. Judge Craig held that appellant's refusal to sign the waiver did not constitute a refusal under Section 1547. He reasoned that " . . . nothing in the Vehicle Code requires a driver, as part of his consent to a blood test, to execute a document limiting or waiving the tester's liability." Maffei, supra, at 185-186.

There are two differences between Maffei and this case. Here Croasdale, not the officer, was the one who first requested the blood test but thereafter refused to sign the hospital's waiver. In addition, here the arresting officer took one further step and requested that appellant submit to a breathalyzer instead. This too was refused. Therefore, Croasdale was not required to waive the tester's liability. No waiver was required for the breathalyzer.

A motorist is not entrusted with the option of limiting the officer's discretion to have a breath test given. "The occasion is not one for debate, maneuver or negotiation, but, rather for a simple 'yes' or 'no' to the officer's request." State v. Pandoli, 109 N. J. Superior Ct. 1, 262 A. 2d 41 (1970), quoted with approval in Weitzel Appeal, 41 Pa. Commonwealth Ct. 235, 400 A. 2d 646 (1979) (officer requested three times that motorist submit to test; motorist replied that he wanted to contact his lawyer first); Dept. of Transportation v. Cannon, 4 Pa. Commonwealth Ct. 119, 286 A. 2d 24 (1972) (motorist agreed to take breathalyzer test only if he could speak to his lawyer first). The deemed consent under § 1547 (a) is to a chemical test of breath or blood thus giving the option to the officer and not the motorist. Appellant placed a permissible condition on the taking of his blood but totally refused the taking of his breath. This he could not do. Anything short of an unqualified, unequivocal assent is a

refusal: Weitzel, supra. Because the suspension was warranted, we enter the folowing

## ORDER

And now, July 12, 1982, the Commonwealth Department of Transportation's six-month suspension of appellant's operating privileges is hereby sustained and appellant's appeal accordingly dismissed.