242 N.J. Super. 177 (1990)
576 A.2d 307
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH R. TODARO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 10, 1990.
Decided June 27, 1990.
Before Judges PRESSLER, LONG and LANDAU.
Venturi & Schlich, attorneys for appellant (Shaun R. Schlich, of counsel and on the brief).
*178 John Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief).
Robert J. Del Tufo, Attorney General, submitted an amicus curiae brief (Boris Moczula, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
In a municipal court proceeding defendant Joseph R. Todaro was found guilty of refusal to submit to a breathalyzer test pursuant to N.J.S.A. 39:4-50.2 and 39:4-50.4a. Todaro was assessed a $350 fine plus $15 court costs and received a six-month revocation of his driver's license. On de novo review in the Superior Court, Law Division, Todaro was again found to have refused the breathalyzer test. The identical fine, costs and revocation were imposed. Todaro appeals on the following grounds:
I. DEFENDANTS DUE PROCESS RIGHTS WERE VIOLATED WHEN DEFENDANT WAS INFORMED OF HIS RIGHTS UNDER N.J.S.A. 39:4-50.2 BECAUSE OF THE CONFUSED CIRCUMSTANCES IN THE MARINE POLICE BUREAU.
II. N.J.S.A. 39:4-50.4a IS UNCONSTITUTIONAL BECAUSE IT REQUIRES THAT THE STATE NEED ONLY PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT REFUSED TO SUBMIT TO A CHEMICAL TEST.
III. THE CONCLUSIONS OF LAW AND FINDINGS OF FACT BY THE LAW DIVISION ARE NOT SUPPORTED BY CREDIBLE AND SUBSTANTIAL EVIDENCE AND ARE INCONSISTANT [SIC] WITH THE RELEVANT AND CREDIBLE EVIDENCE IN THE RECORD BELOW, RESULTING IN A MANIFEST DENIAL OF JUSTICE UNDER THE LAW.
On August 28, 1988 at approximately 1:30 a.m. Todaro was stopped by State Trooper Daniele after he failed to stop at a sobriety checkpoint located on Route 36 in Monmouth Beach, New Jersey, being operated by the State Troopers. Upon approaching the vehicle, Daniele detected an odor of alcohol on Todaro's breath. Todaro denied he had been drinking and, when asked, failed to cooperate in performing field sobriety *179 (balance) tests. Todaro was placed under arrest and taken to the Marine Police Station.
While at the station Todaro continued to be uncooperative. As found by the municipal court, Trooper Daniele although admitting there was "pretty much confusion in the station," specifically informed Todaro of the consequences of failure to submit to a breathalyzer test. See N.J.S.A. 39:4-50.2. Todaro nonetheless chose to refuse the breathalyzer test.
With regard to Points I and III raised in Todaro's brief, we find that the fact findings of the trial court are adequately supported by the evidence, R. 2:11-3(e)(1)(A), and that all issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E); State v. Leavitt, 107 N.J. 534, 541, 527 A.2d 403 (1987); State v. Johnson, 42 N.J. 146, 157, 199 A.2d 809 (1964).
Todaro, for the first time on appeal, challenges the constitutionality of N.J.S.A. 39:4-50.4a on the grounds that the breathalyzer refusal statute uses a preponderance of the evidence standard of proof rather than one of beyond a reasonable doubt. The constitutional argument is incorrectly premised, however, upon Todaro's characterization of the refusal statute as criminal or quasi-criminal in nature. However, it is well settled in New Jersey that while drunk driving is a quasi-criminal offense, "[a] breathalyzer refusal hearing has always been treated as a civil matter; the standard of proof in such a proceeding is a preponderance of the evidence." State v. Wright, 107 N.J. 488, 503, 527 A.2d 379 (1987). See also State v. Pandoli, 109 N.J. Super. 1, 4, 262 A.2d 41 (App.Div. 1970).
As noted in Wright, the purpose of the refusal statute is to encourage all suspected drunk drivers to take the breathalyzer test when requested to do so. The statutory purpose of the implied consent law is not to punish the driver, but to protect the driving public by removing an offending driver from the highways with reasonable dispatch. In re Kallen, 92 N.J. 14, 29, 455 A.2d 460 (1983).
*180 The legislative history of N.J.S.A. 39:4-50.4a makes clear that the legislative intent was specifically to retain the preponderance standard in effect when it was adopted. State v. Fahrer, 212 N.J. Super. 571, 575-76, 515 A.2d 1240 (App.Div. 1986). Prior to the 1981 amendment, a refusal to submit to a breathalyzer test was handled administratively by the Division of Motor Vehicles in accordance with N.J.S.A. 39:4-50.4. The successor statute, N.J.S.A. 39:4-50.4a, placed jurisdiction over breathalyzer refusal cases in the municipal courts. L. 1981, c. 512, § 2. Interestingly, A-2293, the originally proposed form of the transfer legislation would have required proof of elements of the offense beyond a reasonable doubt. As noted in Wright, supra, 107 N.J. at 503 n. 8, 527 A.2d 379, the bill was returned by Governor Byrne to the Assembly with certain objections, particularly one related to the standard of proof. The Governor noted:
I believe that the beyond a reasonable doubt standard of proof is an unusually harsh burden of proof in a non-criminal case and will encourage more people to refuse to submit to a breathalyzer test. Thus, I recommend that the preponderance of the evidence standard currently utilized in the administrative hearing of this type of case be retained. [Report of Governor to the Assembly re: Assembly Bill No. 2293(SR) (January 4, 1982).]
The statute now reads in pertinent part:
The municipal court shall determine by a preponderance of the evidence whether the arresting officer had probable cause to believe that the person had been driving or was in actual physical control of a motor vehicle on the public highways or quasi-public areas of this State while under the influence of intoxicating liquor ..., whether the person was placed under arrest, and whether he refused to submit to the test upon request of the officer, and if these elements of the violation are not established no conviction shall issue.
N.J.S.A. 39:4-50.4a.
That the Legislature intended this to be a civil proceeding with a preponderance of the evidence standard is well settled and firmly established by precedent. State v. Wright, 107 N.J. 488, 527 A.2d 379 (1987); Bauer v. Borough of Cliffside Park, 225 N.J. Super. 38, 541 A.2d 719 (App.Div. 1988), certif. den., 113 N.J. 330, 550 A.2d 447 (1988); State v. Fahrer, 212 N.J. Super. 571, 515 A.2d 1240 (App.Div. 1986); State v. Pandoli, 109 N.J. *181 Super. 1, 262 A.2d 41 (App.Div. 1970). Thus, there was no error, constitutional or otherwise, in utilizing a preponderance standard.
Affirmed.