Argued and submitted February 26, reversed and remanded to reinstate suspension order October 24, 1990

In the Matter of the Suspension of
the Driving Privileges of
Raymond Lee BERGSTROM,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(88-12-40; CA A60276)

799 P2d 673

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas L. Lafollett, Canby, argued the cause for respondent. On the brief were Michael J. Clancy and Clancy and Slininger, Canby.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Respondent's driver's license was suspended, because he refused to submit to a breath test. ORS 813.410(1). He requested a hearing, and the Motor Vehicles Division (MVD) upheld the suspension. On review of the hearings officer's decision under ORS 813.410(7), the circuit court vacated the suspension because it concluded that respondent had not refused to take the test. We reverse.

The facts are not disputed. Respondent was arrested for driving under the influence of intoxicants. ORS 813.010. While he and the officer were at the scene of the arrest, respondent told the officer that he would not take the breath test. After they arrived at the police station, but before they had gone into the room where the testing equipment was located, respondent again said that he would not take the breath test. The officer advised respondent of his rights and the consequences associated with the test, ORS 813.130, including that, if he refused, his driver's license would be suspended. When the officer concluded, he asked respondent if he would take the test and respondent said, "I'm not drunk and I'm not going to take any breath test." The officer then began filling out the necessary report forms. *See* ORS 813.100; ORS 813.120. He entered the dates of the license suspension and told respondent those dates. Respondent then said that he would take the test, but the officer declined to administer it. Approximately five minutes had passed between the time respondent last refused the test and when he asked to take it.

The hearings officer interpreted the statute to mean that, when respondent refused the officer's request that he take the test, that was a refusal and the officer was not obligated to administer the test when respondent changed his mind. The circuit court concluded that "[t]he time lapse * * * was *de minimus* and in no way affected the test result," and held that respondent's "initial response of 'no' followed in less than five minutes by a request to take the test did not amount to a refusal under ORS 813.100."

ORS 813.100(2) provides:

"No chemical test of the person's breath shall be given, under subsection (1) of this section, to a person under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance,

if the person refuses the request of a police officer to submit to the chemical test after the person has been informed of consequences and rights as described under ORS 813.130."

Respondent was under arrest for driving under the influence of intoxicants, had been informed of his rights and the consequences of a refusal and unequivocally refused the test on the request of the officer. Respondent, however, argues that his prompt reconsideration of his response would not have impaired the timely administration of the test and was therefore not a refusal. He depends on *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982), as a basis for his contention. The issue in *Moore* was whether the arrested motorist's request to call an attorney was a refusal to take the test. The court held that it was not in circumstances where honoring the request would not interfere with effective administration of the test. Here, there is no doubt that respondent refused unconditionally to take the test after the required advice. There is no statutory or constitutional basis or necessity for importing a "reasonable time to reconsider" standard into the statute. The legislature has set the requirements for license suspension, and that bright line provides certainty for all concerned. The hearings officer correctly interpreted the statute. The trial court's implicit conclusion that, under ORS 813.450(4)(b)(C), the statute was incorrectly interpreted and applied is wrong.

Reversed and remanded with instructions to reinstate suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).