Submitted on record and briefs December 17, 1990, reversed and remanded with instructions June 5, 1991

In the Matter of the Suspension of
the Driving Privileges of:

Steven Warren SKINNER,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(9001-00511; CA A64864)

812 P2d 46

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Meg E. Kieran, Assistant Attorney General, Salem, filed the brief for appellant.

Robert R. Dickey, Jr., and Dickey & Dickey, Medford, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

**PER CURIAM**

Respondent was arrested for DUII. ORS 813.010. At the jail, he was advised of his rights and of the consequences of refusing to submit to a breath test. When he was asked to submit to the test, he said that he wished to speak with his attorney first. He was given two opportunities to do so but was unsuccessful, because his attorney was out of town. The officer asked him again if he would take the breath test. Respondent answered that he would not until his attorney was present, which could not be until the next day. The officer treated that response as a refusal and notified respondent of his intent to suspend his driving privileges. Twenty minutes had elapsed from the time of the officer's first request. Respondent then agreed to take the test but was told that it was too late.

MVD upheld the suspension order. On review, the circuit court reversed, concluding that a motorist may have a reasonable time to recant his refusal if the delay would not materially alter the test results. We review MVD's order for substantial evidence and errors of law. ORS 183.450(4); *Shakerin v. MVD,* 101 Or App 357, 790 P2d 1180 (1990). Its findings are supported by substantial evidence, and MVD did not err in concluding that respondent had refused to submit to the test. *Bergstrom v. MVD,* 104 Or App 141, 799 P2d 673 (1990). The trial court erred.

Reversed and remanded with instructions to reinstate suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).