Argued and submitted March 25, reversed and remanded with instructions
May 1, 2002

In the Matter of the Suspension of
the Driving Privileges of

BRADFORD STEPHEN CALDEIRA,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Appellant.*

16-00-19864; A114042

45 P3d 489

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

John Halpern, Jr., argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals a judgment of the circuit court setting aside a final order of the Driver and Motor Vehicle Services Branch of the Department of Transportation (DMV) suspending petitioner's driving privileges for refusing to take a breath test. The state argues that the trial court erred in concluding that petitioner did not refuse to take the breath test. We agree and reverse and remand.

The relevant facts are not in dispute. Officer Halttunen stopped petitioner for a traffic infraction. When he approached the car, he noted the odor of alcohol and noticed that petitioner's eyes were bloodshot and glassy and his speech slow and slurred. Halttunen asked petitioner if he would consent to taking field sobriety tests. Petitioner agreed to take the tests, but he could not perform the Horizontal Gaze Nystagmus test, failed the heel-to-toe test, and then refused to do any others. Halttunen then arrested petitioner for driving under the influence and took him to the station.

At the station, Halttunen informed petitioner of his implied consent rights and consequences and then asked him to submit to a chemical breath test. Petitioner said that he would prefer to take a blood test. Halttunen said that that was not an option and again asked if petitioner would take a breath test. Petitioner again said that he preferred a blood test. Halttunen said that he was asking whether petitioner would take a breath test and that he needed a yes or no answer. Petitioner shook his head and said that he did not understand why he could not take a blood test. Halttunen then punched the Intoxilyzer machine button, which printed an evidence card showing a refusal, and told petitioner that that was a refusal. Petitioner immediately said that he wanted to take the breath test and that he did not intend to refuse the breath test.

DMV issued a final order suspending petitioner's driving privileges for refusing to take a breath test. Petitioner sought judicial review, and the circuit court reversed. On appeal, the state argues that DMV correctly suspended

petitioner's driving privileges for refusing a breath test. Petitioner argues that he did not unequivocally refuse to take the breath test.

■ Although the appeal is from the circuit court, we review DMV's order directly for substantial evidence and errors of law. *Warner v. MVD*, 126 Or App 164, 166, 868 P2d 6 (1994).

■ ORS 813.100(3) provides that DMV must suspend the driving privileges of a person arrested for driving under the influence who refuses to take a breath test. In *Lundquist v. Motor Vehicles Div.*, 23 Or App 507, 512, 543 P2d 29 (1975), we held that " 'anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so.' " (Quoting *State v. Pandoli*, 109 NJ Super 1, 4, 262 A2d 41 (1970).) In *Moore v. Motor Vehicles Division*, 293 Or 715, 721-22, 652 P2d 794 (1982), the Supreme Court endorsed the same principle, subject to the qualification that the motorist be given sufficient time to communicate with an attorney. The court went on to explain that a refusal need not be explicit:

> "Thus, if an arrested driver is requested to submit to a breath test and, after the statutorily required advice is given he does not promptly do so, he has refused to submit. The refusal is implicit in his conduct."

*Id.* at 722. Once a motorist has refused to take a breath test, he or she has no right to reconsider and recant the refusal. *Bergstrom v. MVD*, 104 Or App 141, 144, 799 P2d 673 (1990).

■ In this case, petitioner did not provide Halttunen with unqualified, unequivocal assent. He three times evaded Halttunen's direct request for consent by insisting on the right to take a blood test instead of a breath test. There is no evidence that he asked for additional time to consult with counsel. Accordingly, under *Lundquist* and *Moore*, his conduct amounted to a refusal. Petitioner's argument to the contrary is premised on a misunderstanding that the refusal, rather than the assent, must be unequivocal.

Reversed and remanded with instructions to reinstate DMV order suspending driving privileges.