Argued and submitted November 3, reversed; DMV order suspending driving
privileges reinstated December 10, 2003

In the Matter of the Suspension of
the Driving Privileges of

Gerald Lynn MacDONALD,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Appellant.*

022018; A119074

81 P3d 732

Lore Bensel, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this implied-consent case, the Driver and Motor Vehicle Services Division (DMV) appeals a judgment that modified an administrative order by reducing the period of suspension of petitioner's driving privileges from three years to one. The state argues that the period of suspension should be three years. We agree and therefore reverse and reinstate the original administrative order.

The relevant facts are not in dispute. In March 1998, petitioner was stopped for a traffic infraction. In the course of the stop, the officer developed the suspicion that petitioner had been driving while intoxicated. Petitioner was taken into custody for driving under the influence of intoxicants (DUII). DMV notified petitioner that his driving privileges would be suspended. Petitioner did not request a hearing. The suspension therefore went into effect on April 2, 1998.

Petitioner also was charged with DUII. In March 1999, petitioner filed a motion to suppress in that case, arguing that the evidence of his intoxication had been obtained beyond the lawful scope of the traffic stop. The criminal trial court agreed and granted the motion to suppress. Criminal charges were later dismissed.

Meanwhile, petitioner had become eligible for reinstatement, and, on July 23, 1999, DMV reinstated his driving privileges.

In November 2001, petitioner again was arrested for DUII. He refused to take a breath test. He was informed of the consequences of such a refusal and was further informed that, pursuant to ORS 813.430,[1] the duration of his suspension would be three years because of the existence of the 1998

---

[1] ORS 813.430(2) provides, in part, that a person refusing to take a breath test is subject to an increase in suspension time if,

"[w]ithin the five years preceding the date of arrest any of the following occurred:

"(a) A suspension of the person's driving privileges under ORS 813.410 * * * became effective.

"(b) The person was convicted of driving under the influence of intoxicants in violation of ORS 813.010 or its statutory counterpart in another jurisdiction or a municipal ordinance.

suspension. Petitioner requested a hearing. At the hearing, petitioner argued that the period of suspension should not exceed one year, because criminal charges arising out of the 1998 DUII arrest had been dismissed. The hearing officer rejected the argument, concluding that, under ORS 813.430, the three-year suspension is triggered by any one of three conditions: a prior diversion, a conviction, or a suspension. Based on the prior suspension arising out of the 1998 DUII arrest, the hearing officer issued a final order suspending petitioner's driving privileges for three years.

Petitioner sought judicial review of the final order. Before the circuit court, he once again argued that the period of suspension should be no more than one year, although for a different reason from the one he advanced to the hearing officer. To the court, he argued that a three-year period of suspension could not be predicated on the 1998 suspension because that suspension was invalid. DMV objected that petitioner could not collaterally attack the validity of the 1998 suspension.

The trial court concluded that petitioner was not precluded from collaterally attacking the 1998 suspension. The court further concluded that, because the evidence against petitioner in the criminal case arising out of the same arrest was suppressed and the charges ultimately were dismissed, the 1998 suspension was not valid. As a result, the court modified the hearing officer's order by reducing the current period of suspension.

On appeal, DMV reiterates its contention that the 1998 suspension may not be collaterally attacked and that the original order of suspension should be reinstated. We need not address the state's contention, however. Petitioner's argument that the 1998 suspension was invalid was not preserved. Courts have an independent obligation to determine whether an argument has been asserted in the proceeding that is the subject of review. *State v. Wyatt*, 331 Or 335, 344-46, 15 P3d 22 (2000). In this case, the trial court modified the hearing officer's order on a ground that petitioner had

---

"(c) The person commenced participating in a driving while under the influence of intoxicants diversion program in this state or in any similar alcohol or drug rehabilitation program in this or any other jurisdiction."

neglected to assert to the hearing officer. The court erred in doing that.

Reversed; DMV order suspending driving privileges reinstated.