Argued and submitted September 9, reversed and remanded with instructions to
reinstate DMV's order suspending driving privileges December 14, 2005

In the Matter of the Suspension of
the Driving Privileges of

Lisa Ann FISHER,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Appellant.*

16-04-01239; A124343

125 P3d 85

Steven R. Powers, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

The Oregon Department of Transportation, Driver and Motor Vehicles Services Branch (DMV), appeals the circuit court's judgment setting aside its order suspending petitioner's driving privileges after she refused to take a chemical breath test following her arrest for driving under the influence of intoxicants (DUII). ORS 813.120(1); ORS 813.410(1). The circuit court determined that DMV's findings were not supported by substantial evidence in the record. We review DMV's order directly, *Coulter v. DMV*, 168 Or App 442, 444, 4 P3d 89 (2000), and conclude that DMV's relevant findings were supported by substantial evidence. Consequently, we reverse the circuit court's order.

■ We review the facts from the administrative record directly. *Robinson v. DMV*, 191 Or App 122, 124, 80 P3d 536 (2003). We may set aside the administrative law judge's (ALJ's) order if it is based on an erroneous conclusion of law or is not supported by substantial evidence. ORS 813.450(4)(b), (c). Review for substantial evidence is "review to determine whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings." *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990).

The ALJ made the following findings of fact and conclusions of law. Officer Larry Crompton, of the Eugene Police Department, arrested petitioner for DUII. After the arrest, Crompton asked petitioner to take a chemical breath test and informed petitioner of the consequences of refusing to do so. The ALJ further found that the following then occurred:

> "Petitioner placed the mouthpiece between her lips but would not seal her lips to direct her breath into the Intoxilyzer. This process lasted approximately 10 minutes with [Crompton] repeating his instructions to Petitioner several times, including to seal her lips around the mouthpiece. Each time Petitioner would place the mouthpiece between her lips but would not seal her lips around it to direct her breath in the Intoxilyzer. [Crompton] finally told Petitioner if she continued her actions he would conclude that she was refusing the breath test. Petitioner repeated her actions of not directing her breath into the Intoxilyzer machine.

[Crompton] told Petitioner he was taking her actions as a refusal of the breath test."

The ALJ concluded that, given those actions, petitioner had "refused the breath test," requiring suspension of petitioner's driving privileges.

Petitioner sought judicial review in the circuit court, arguing that the ALJ's findings set out above were not supported by substantial evidence. ORS 813.450. The circuit court set aside DMV's order of suspension. The court stated, without elaboration, that "the findings in [the ALJ's] order were not supported by substantial evidence in the record" and that "[f]urthermore, certain findings of fact were based on information gathered through improper questioning."[1]

On appeal, DMV makes two arguments. First, the material findings of fact were supported by substantial evidence, and the facts, as so found, establish that petitioner refused to take the breath test. *See Caldeira v. DMV*, 181 Or App 168, 171, 45 P3d 489, *rev den*, 334 Or 631 (2002). Second, because petitioner never raised any challenge to the ALJ's "improper questioning," that matter was not presented for the circuit court's consideration. That is, the court exceeded the proper scope of its review in raising that matter *sua sponte* and, thus, that could not constitute a basis for setting aside DMV's order. Petitioner does not appear on appeal.

■■    We agree with both of DMV's contentions. Extended discussion of the evidence in the administrative record would not benefit the bench or bar. It suffices to say that we conclude that the ALJ's material findings are supported by substantial evidence. Further, those findings establish that petitioner's conduct constituted a refusal to take the breath test for purposes of ORS 813.120(1)(c). *See Caldeira*, 181 Or App at 171 ("[A]nything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so.") (quoting

---

[1] The reference to "improper questioning" is ambiguous because, at least arguably, it could refer to "questioning" of petitioner by Crompton or to "questioning" by the ALJ during the administrative hearing. Our review of the transcript of the circuit court proceedings establishes that the court was referring to the ALJ's questioning during the administrative hearing.

*State v. Pandoli*, 109 NJ Super 1, 4, 262 A2d 41 (1970) (internal quotation marks omitted)). Finally, because petitioner never raised any challenge to the propriety of the ALJ's questioning during the administrative hearing, the ALJ's order cannot be set aside on that basis. *See MacDonald v. DMV*, 191 Or App 180, 183-84, 81 P3d 732 (2003) (circuit court erred when it based its decision on "a ground that [the] petitioner had neglected to assert to the hearing officer"). Accordingly, the ALJ's order suspending petitioner's driving privileges was correct and should be reinstated.

Reversed and remanded with instructions to reinstate DMV's order suspending driving privileges.