Argued and submitted January 15, reversed May 27, 2009

## Justin James WHALEY,
*Petitioner-Respondent,*

*v.*

## DRIVER AND MOTOR VEHICLE
## SERVICES DIVISION (DMV),
a Division of the Department of Transportation,
*Respondent-Appellant.*

Crook County Circuit Court
06CV0029; A133447

208 P3d 1019

Heather Vogelsong, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Anne Whiteley waived appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

The Department of Transportation, Driver and Motor Vehicle Services Division (DMV) appeals a circuit court judgment that set aside a DMV order that suspended petitioner's driving privileges for one year because petitioner had refused to submit to a breath test after being arrested for DUII. DMV contends that the circuit court erred in setting the suspension order aside because none of the issues raised by petitioner before the circuit court was raised before the administrative law judge (ALJ) who had issued the DMV order, and, hence, the circuit court lacked a lawful basis to set the order aside. We agree with DMV that petitioner failed to preserve the issues that he raised before the circuit court, and we therefore reverse the circuit court judgment.

The facts are not in dispute. Petitioner was arrested for DUII and was asked to submit to an Intoxilizer breath test. The police officer who administered the breath test to petitioner determined that petitioner had refused to give a sufficient breath sample, which led DMV to suspend petitioner's driving privileges. *See* ORS 813.100(3); ORS 813.410. Petitioner requested a contested case hearing to challenge the suspension, and his counsel told DMV that he would contest three issues: "Officer[s] lacked probable cause to arrest and had no reasonable grounds to request testing, failed to provide notice of implied consent rules, and failed to offer a breath test." After a hearing before an ALJ, the ALJ issued a final order for DMV that concluded that "[t]he stop of Petitioner was valid [and] [t]he arrest was lawful and supported by probable cause" and that suspended petitioner's driving privileges for one year.

Petitioner sought circuit court review of the DMV order and contended:

"The Order of the DMV should be vacated because evidence in the record fails to substantially support the [ALJ's] finding that the following requirements were met * * *:

"* * * * *

"* * * Petitioner refused to test under ORS 813.100 or took the test and the test disclosed that the level of alcohol in the Petitioner's blood was sufficient to constitute being

under the influence of intoxicating liquor under ORS 813.100.

"* * * * *

"* * * Petitioner was given written notice required under ORS 813.100.

"* * * If the Petitioner submitted to the test, the person administering the test was qualified to administer the test under ORS 813.160.

"* * * If the Petitioner submitted to the test, the methods, procedures and equipment used in the test complied with requirements under ORS 813.160."

The circuit court held a hearing and entered a judgment setting aside DMV's order and directing DMV to reinstate petitioner's driving privileges.

■      Preservation principles apply to judicial review of agency actions. *Thomas Creek Lumber v. Board of Forestry*, 188 Or App 10, 30, 69 P3d 1238 (2003); *see also Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (discussing principles underlying preservation requirements). A circuit court exceeds its authority when it sets aside an administrative order on a basis that was not properly preserved before the administrative agency. *Fisher v. DMV*, 203 Or App 202, 205-06, 125 P3d 85 (2005).

Petitioner raised three issues before the ALJ. He contested whether (1) his arrest was supported by probable cause and whether there were reasonable grounds to request a breath test, (2) the officer had given petitioner notice of implied consent rights and consequences, and (3) the officer had failed to offer petitioner a breath test. Before the circuit court, petitioner raised four issues: He challenged whether the record contained sufficient evidence to support findings on whether (1) he had refused a breath test, (2) he had received the *written* notice required under ORS 813.100, (3) the officer administering the test was qualified to administer it, and (4) the procedures and equipment used in the test had complied with ORS 813.160.

The circuit court reversed the DMV order. However, none of the issues that petitioner raised with the circuit court

had been adequately raised by him before the ALJ. Accordingly, the circuit court lacked a lawful basis to overturn the DMV order. Because of the ostensible similarity of some of the issues that petitioner raised before the ALJ and the circuit court, we address them briefly to explain why they are unpreserved.

In his DMV hearing request, petitioner identified as an issue whether the officer had offered him a breath test. At the hearing before the ALJ, petitioner questioned the officer who had administered the breath test, asking him whether it was unusual that petitioner was the third person the evening of petitioner's arrest whose attempt to give a breath sample on the same machine had resulted in a refusal. The officer answered no. The officer went on to explain that the machine performs a self-test to confirm that it is functioning properly, and that the machine had done that before the test was administered to petitioner. Petitioner also questioned whether petitioner's tongue piercing could have interfered with the operation of the machine, to which the officer responded that he did not believe so.

■ Arguably, the questions that petitioner posed at the contested case hearing *could* have put into play some of the issues that petitioner later sought to raise before the circuit court: namely, whether petitioner had refused a breath test and whether the equipment used in the test complied with ORS 813.160. However, petitioner did not present those contentions before the ALJ and did not make any argument that might have alerted the ALJ that petitioner was, in fact, contesting those issues. The only arguments that petitioner made to the ALJ concerned whether petitioner's arrest for DUII was supported by probable cause and whether there were reasonable grounds to request breath testing. Because petitioner did not make any argument about whether he had refused to give a breath sample or whether the Intoxilizer machine was functioning properly, petitioner failed to raise those issues with the ALJ and thus failed to preserve them for circuit court review.[1]

---

[1] The DMV order supports that understanding. The only issues that it addressed are whether the arresting officer had probable cause to arrest petitioner for DUII and, hence, whether the officer had a lawful basis to ask petitioner to submit to a breath test.

■ Before the ALJ, petitioner also questioned whether the officer had given him notice about relevant implied consent principles. ORS 813.100(1) provides that, "[b]efore the [breath] test is administered[,] the person requested to take the test shall be informed of consequences and rights as described under ORS 813.130." (Emphasis added.) However, petitioner argued to the circuit court that he had not received *written* notice as required under ORS 813.100. The *written* notice required by ORS 813.100 is found in paragraph (3)(b) and requires that, *after* a person either refuses to take a breath test or takes a test that discloses that the person is under the influence of alcohol, the officer administering the test shall give the person written notice of intent to suspend the person's driving privileges. Although both of the notice issues that petitioner raised concern whether the officer had given him a required notice, they concern completely different requirements. Accordingly, the *written*-notice issue that petitioner raised with the circuit court is not the same notice issue that he raised with the ALJ.

Petitioner did not raise before the ALJ any of the issues that he raised before the circuit court. Accordingly, the issues that petitioner raised before the circuit court were not preserved and could not provide a basis for the court to set aside the DMV suspension order.

Reversed.