242 P.3d 647 (2010)
238 Or. App. 43
Larry David TIDWELL, Petitioner-Respondent,
v.
DRIVER AND MOTOR VEHICLE SERVICES DIVISION (DMV), a division of the Department of Transportation, Respondent-Appellant.
07C21049; A139058.
Court of Appeals of Oregon.
Argued and Submitted February 03, 2010.
Decided October 20, 2010.
Tiffany Keast, Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.
John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent.
Before LANDAU, Presiding Judge, and SCHUMAN, Judge, and ORTEGA, Judge.
LANDAU, P.J.
The Driver and Motor Vehicles Services Division (DMV) appeals a judgment reversing its final order suspending petitioner's driving privileges. DMV suspended petitioner's driving privileges on the ground that petitioner refused to take a breath test. The circuit court set aside the suspension, holding *648 that the final order was not supported by substantial evidence. We reverse and reinstate the suspension order.
Although this appeal is from the circuit court, we review the final order directly for substantial evidence and errors of law. ORS 813.450(4); Davis v. DMV, 209 Or.App. 39, 41, 146 P.3d 378 (2006), rev. den., 342 Or. 344, 153 P.3d 123 (2007). In this case, the relevant facts are uncontested, making the ultimate question a legal one, specifically, whether petitioner refused the breath test.
Petitioner was arrested for DUII after he rear-ended another vehicle and displayed signs of intoxication to the officers at the scene. The arresting officer, Zohner, transported petitioner to the Marion County Jail. After completing booking procedures and allowing petitioner to call his attorney, Zohner advised petitioner of his rights, as provided in ORS 813.130, and requested petitioner to submit to a breath test. Petitioner responded by stating, "No, you're an asshole. Put that in your report." Instead of noting petitioner's response as a refusal, Zohner turned on the Intoxilyzer 8000 and began the testing sequence. During the entire testing period, Zohner told petitioner that he still had the opportunity to provide a sample. Petitioner continued to refuse to provide a breath sample. At no point during the testing time period did Zohner press the "R" button to end the test and note petitioner's refusal. The Intoxilyzer 8000 timed out, and the machine produced a report finding "no sample given." Officer Zohner typed into the notes section, "Refused. Why should I?"
Following an evidentiary hearing, the administrative law judge (ALJ) determined that petitioner's driving privileges should be suspended under ORS 813.410 because petitioner had refused the breath test. Pursuant to ORS 813.410(7) and ORS 813.450, petitioner sought review of the ALJ's order. The circuit court held that the ALJ's order was not supported by substantial evidence and set aside the suspension of petitioner's driving privileges.
On appeal, DMV argues that its final order suspending petitioner's driving privileges for refusing a breath test was supported by substantial evidence. Petitioner argues that the ALJ could not find that he refused the breath test because Zohner did not "declare" a refusal after petitioner's verbal refusal and did not follow the proper procedures for using the Intoxilyzer 8000 during his attempts to convince petitioner to submit to the test. We agree with DMV.
ORS 813.100(3) provides that DMV must suspend the driving privileges of a person arrested for driving under the influence who refuses to take a breath test. Caldeira v. DMV, 181 Or.App. 168, 171, 45 P.3d 489, rev. den., 334 Or. 631, 54 P.3d 1041 (2002). Our case law has consistently set out the principle that "`anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so.'" Lundquist v. Motor Vehicles Div., 23 Or.App. 507, 512, 543 P.2d 29 (1975) (emphasis omitted) (quoting State v. Pandoli, 109 N.J.Super. 1, 4, 262 A.2d 41 (1970)). See also Moore v. Motor Vehicles Division, 293 Or. 715, 722, 652 P.2d 794 (1982) ("Thus, if an arrested driver is requested to submit to a breath test and, after the statutorily required advice is given he does not promptly do so, he has refused to submit. The refusal is implicit in his conduct."); Caldeira, 181 Or. App. at 171, 45 P.3d 489 (same).
In this case, after being advised of his rights, petitioner never indicated his assent to take the breath test. In fact, petitioner explicitly told Zohner that he would not submit to the test. Petitioner argues that the ALJ could not find that he refused the test because Zohner did not "declare" a refusal and did not follow the proper procedures for administering a test with the Intoxilyzer 8000. Petitioner's argument, however, "is premised on a misunderstanding that the refusal, rather than the assent, must be unequivocal." Caldeira, 181 Or.App. at 171, 45 P.3d 489. Given the undisputed fact that petitioner did not give Zohner his unqualified, unequivocal assent, the ALJ did not err in concluding that petitioner refused the breath test. Zohner's possible failure to follow the proper procedures for administering the test with the Intoxilyzer 8000 is irrelevant. Lundquist, 23 Or.App. at 512, *649 543 P.2d 29. The inquiry to determine refusal is focused on the conduct of the arrested driver, not the officer administering the test.
Reversed and remanded with instructions to reinstate DMV order suspending driving privileges.