Submitted July 5, affirmed October 2, 2013

Jerry G. CLAYTON,
individually and as Personal Representative of
the Estate of Polly A. Morse, Deceased,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through Department of Administrative Services;
and Department of Land Conservation and Development,
*Defendants-Respondent.*

Jackson County Circuit Court
111973Z2; A151012

313 P3d 296

Jerry G. Clayton filed the briefs for appellant, *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Plaintiff sought supplemental review under Measure 49 of a Measure 37 claim, asking the Department of Land Conservation and Development to authorize development of three home sites on his property.[1] The department reviewed plaintiff's request and issued a final order that concluded that plaintiff was not eligible for relief under Measure 49 because, on the date that he had acquired his property, he was not lawfully permitted to establish dwellings on it.

Although plaintiff had not raised with the department an issue about the effect on his claim of Senate Bill (SB) 1049, Oregon Laws 2010, chapter 8 (Special Session), the department's final order addressed the effect of that bill on his claim. *See generally McCollum v. DLCD*, 252 Or App 147, 151-52, 286 P3d 916 (2012) (discussing SB 1049). Plaintiff requested that the department reconsider its final order. He challenged in his reconsideration motion the department's determination of the date on which he had acquired his property but *not* its application of SB 1049 to his claim. The department denied reconsideration, and plaintiff sought judicial review in circuit court under ORS 195.318, challenging the department's acquisition-date determination *and* the department's application of SB 1049 to his claim. The circuit court affirmed the department's order, concluding that the department's determination of plaintiff's acquisition date was supported by substantial evidence and that plaintiff's arguments under SB 1049 were not reviewable because plaintiff had failed to raise them with the department. *See* ORS 195.318(3)(b) (limiting judicial review to those "issues that are raised before the public entity with sufficient specificity to afford the public entity an opportunity to respond").

Plaintiff appeals, challenging only the circuit court's determination that his arguments on the application of SB 1049 were unpreserved and, hence, barred by ORS

---

[1] Two claimants filed the claim in this case, but one of them died while the case was pending on appeal. The personal representative of the deceased claimant's estate was subsequently substituted for the deceased claimant on appeal. For simplicity, we refer to the claimants in the case collectively as "plaintiff."

195.318(3)(b).[2] Plaintiff argues that, although *he* did not raise any issue about SB 1049 before the department, *the department itself* raised the issue in its final order. However, the issue that ORS 195.318(3)(b) required plaintiff to raise on reconsideration with the department was not that SB 1049 *applies* to his claim (plaintiff agrees with the department that it does) but, rather, that the department had *misapplied* SB 1049 in resolving his claim—thereby giving the department the opportunity to address the errors that plaintiff had identified to the trial court and identifies to us. *See Whaley v. DMV,* 228 Or App 660, 664, 208 P3d 1019 (2009). In other words, plaintiff had to raise on reconsideration with the department the arguments about the application of SB 1049 to his claim that he raised with the circuit court in order to preserve them for judicial review. He did not do that. Hence, in the circumstances presented here, the mere identification and application of SB 1049—or any other pertinent statute—by the department did not relieve plaintiff of the preservation requirement in ORS 195.318(3)(b).

Moreover, even if plaintiff had preserved his arguments, we would conclude that the department properly applied section 2 of SB 1049 to his claim. As we explained in *McCollum,*

"section 2(2) allocates 'up to three home sites on the property, consistent with the fixed minimum acreage standard in the zone on the date the claimant acquired the property,' if the property

"'was subject to a zone with a fixed minimum acreage standard that would not have allowed at least the number of home sites that would result under the application of subsection (1) of this section[, *i.e.,* one, two, or three dwellings depending upon the acreage of the property].'"

252 Or App at 154-55 (quoting SB 1049) (brackets in *McCollum*).

---

[2] In its table of contents, plaintiff's opening brief also identifies a substantial-evidence challenge to the department's denial of relief under Measure 49, but the brief contains no argument on that issue. In his reply brief, plaintiff argues that the department's determination of plaintiff's acquisition date was not supported by substantial evidence. To the extent that plaintiff's argument was developed for the first time in his reply brief, it is not properly before us on appeal. *See Johnson v. Best Overhead Door, LLC,* 238 Or App 559, 563 n 2, 242 P3d 740 (2010) ("A party may not raise an issue for the first time in a reply brief."). In any event, the department's determination is supported by substantial evidence.

Here, the department determined that plaintiff's property was zoned "Forest Resource" by Jackson County on the date that plaintiff acquired the property. That zone required a minimum acreage of 160 acres in order for an owner to be allowed to construct a dwelling on the property. Hence, plaintiff's 80-acre property was "subject to a zone with a fixed minimum acreage standard that would not have allowed at least the number of home sites that would result under the application of [section 2(1).]" Accordingly, under section 2(2), the department was to allocate "up to three home sites * * * consistent with the fixed minimum acreage standard in the zone on the date the claimant acquired the property." That minimum acreage standard required 160 acres per home site, and, therefore, the department correctly concluded that plaintiff was not allowed any home sites under Measure 49 on his 80-acre property.

Affirmed.