STATE of Iowa, Appellee,

v.

Michael Edward McCOY, Appellant.

No. 98–1633.

Supreme Court of Iowa.

Dec. 22, 1999.

Steven K. Nalean, of Nalean & Nalean, Boone, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and James E. Timberland, County Attorney, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, JJ., and HARRIS,* S.J.

HARRIS, Senior Judge.

■ The question here is whether an error in the written request form vitiated the statutory procedure for obtaining a breath specimen in this prosecution for operating a motor vehicle while intoxicated. The district court thought not, and allowed evidence of the breath test. This appeal follows a bench trial, conviction, and sentence. The defendant's sole challenge on appeal is to the ruling admitting the breath test results. We affirm.

The officer stopped defendant Michael Edward McCoy's vehicle for reasons not challenged as lacking probable cause. The officer detected an odor of alcohol and observed quantities of beer and beer cans in the car and therefore arrested McCoy for operating a motor vehicle while intoxicated. Iowa Code § 321J.2 (1997). While in transit to the police department, the officer explained the arrest and implied-consent procedures to McCoy. The officer specifically stated that McCoy would be asked to provide a breath specimen.

At the police department the officer read the implied-consent advisory form to McCoy. The officer stated that a *breath* specimen was requested. Section C of the

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

form provided boxes for the officer to check the type of specimen being requested. The officer inadvertently checked that a *blood* specimen, rather than a *breath* specimen, was being sought. McCoy consented to the testing and signed the form.

It is apparent that McCoy was unaware of the error. The officer also read to him from a form explaining that McCoy was allowed to obtain independent testing. On this form, the officer correctly wrote that McCoy was allowed an independent *breath* test. McCoy also signed this form. The breath test revealed a blood alcohol content of .158, well over the legal limit stated in Iowa Code section 321J.2(1)(b) (alcohol concentration of .10 or more).

Prior to trial, and after having discerned the error in the form, McCoy moved unsuccessfully to suppress evidence of the breath test, arguing the implied-consent procedure specified in Code section 321J .6 was not satisfied. Our review of this interpretation of Iowa Code section 321J.6 is on error. *State v. Lindeman,* 555 N.W.2d 693, 695 (Iowa 1996).

 The important requirements of section 321J.6 are satisfied if the provision's purposes "were not compromised." *Lindeman,* 555 N.W.2d at 696 (quoting *State v. Satern,* 516 N.W.2d 839, 841 (Iowa 1994)). That purpose is to regulate and administer the implied-consent law in a fair and accurate manner. Because body fluid specimens will be asked of many unwilling persons, the statute specifies specific, exact steps required in the process. There is no claim addressing any of the required steps in the present case except for the item in the written request form we have mentioned. The primary purpose of the request is "to provide a record of the relevant communication for subsequent review." *Henry v. Iowa Dep't of Transp.,* 426 N.W.2d 383, 387 (Iowa 1988). We have an adequate record here.

That record shows exact compliance with the procedure except for a clerical error, unknown at the time, either by the officer or McCoy. The error came to light only after the event. McCoy does not even claim to have been aware of the error, or to have been misled by it when giving his consent. Indeed it is apparent that both the officer and McCoy understood the consent was to the type of test that was actually administered. The trial court correctly held that McCoy could not seize on the error because he was in no way affected by it. The assignment is without merit.

Although we are abidingly convinced of the correctness of this holding, we concede a slight uneasiness because it could be misread. We certainly do not wish to denigrate the importance of the paperwork that attends the consent procedure. The papers are crucial when there is disagreement over what was said to, and understood by, the accused at the time. That was not the case here.

**AFFIRMED.**