# IN THE SUPREME COURT OF IOWA

No. 08–1130

Filed July 23, 2010

**STATE OF IOWA,**

Appellee,

vs.

**JENNIFER ANNE MADISON,**

Appellant.

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.

Appeal from a decision by the district court convicting defendant of operating while intoxicated, first offense based on the defendant's refusal to submit to a breath test. **AFFIRMED.**

Aaron D. Hamrock of McCarthy & Hamrock, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers and Karen Doland (until her withdrawal), Assistant Attorneys General, Wayne M. Reisetter, County Attorney, and Sarah C. Pettinger, Assistant County Attorney, for appellee.

**CADY, Justice.**

In this appeal, we consider whether a computer screen satisfies the "written request" requirement of Iowa Code section 321J.6(1) (2007). We affirm the decision of the district court.

## I. Background Facts and Proceedings.

On August 2, 2007, an automobile driven by Jennifer Anne Madison was stopped by a West Des Moines police officer. The officer's encounter with Madison led him to believe she had been driving while intoxicated. As a result, the officer placed her under arrest and transported her to the West Des Moines police station.

At the police station, the officer read Madison the implied-consent advisory and requested a breath sample. He allowed Madison a phone call. The officer proceeded to read Madison the implied-consent advisory and orally requested a specimen of Madison's breath. He utilized the electronic "Request and Notice" form on the Traffic and Criminal Software (TraCS) on his computer. Using a stylus, Madison marked "Refuse" and then signed her name in a pop-up window on the touch screen monitor. The portion of the form entitled "Request for Specimen" was visible to Madison on the computer screen, but Madison did not view the screen. The officer testified he did not affirmatively direct her attention to the screen, and Madison did not ask to read the screen.

Madison was charged with operating while intoxicated (OWI), first offense, under Iowa Code section 321J.2. Madison filed a motion to suppress evidence obtained during her arrest, including evidence that she had refused a breath test because text on a computer screen does not meet the statutory requirement that the request be "in writing." Madison also claimed the textual form did not meet the statutory requirement because she was not given an opportunity to read the

computer screen, personally and in its entirety. The district court denied Madison's motion and, following a bench trial, entered a judgment convicting Madison of OWI, first offense.

We granted Madison's request for appeal.

## II. Standard of Review.

We review the district court's decision to deny a motion to suppress based on interpretation of a statute for correction of errors at law. *State v. McCoy*, 603 N.W.2d 629, 630 (Iowa 1999). Madison argues the standard of review should be de novo because her appeal involves a violation of constitutional rights under the Fourth Amendment. A driver's consent under Iowa's implied-consent procedure is analyzed using the "voluntary consent" exception to the warrant requirement of the Fourth Amendment. *See State v. Stanford*, 474 N.W.2d 573, 575 (Iowa 1991). In this case, however, Madison did not give, nor did anyone attempt to take from her, a body specimen. Because no Fourth Amendment search occurred, our review is for correction of errors at law.

## III. Analysis.

Madison claims the request for body specimen contained on the screen of a computer does not meet the written-request requirement provided in Iowa Code section 321J.6(1). This same issue was addressed in a companion case decided today, *State v. Fischer*, 785 N.W.2d 697 (Iowa 2010). Based on the reasoning in *Fischer*, we affirm the judgment and sentence of the district court.

**AFFIRMED.**

All justices concur except Ternus, C.J., who takes no part.