# IN THE COURT OF APPEALS OF IOWA

No. 15-0017
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT ALLAN HANNUSCH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

Robert Hannusch appeals the district court's denial of his motion to suppress and his subsequent conviction and sentence for operating a motor vehicle while intoxicated, first offense, and eluding. **AFFIRMED.**

Michael L. Lewis of Lewis Law Firm, P.C., Cambridge, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Robert Hannusch appeals the district court's denial of his motion to suppress and his subsequent conviction and sentence for operating a motor vehicle while intoxicated, first offense, and eluding. He contends the district court erred in denying his motion to suppress his blood test results because the officer failed to comply substantially with the implied consent statute, Iowa Code section 321J.6 (2013). We affirm.

## I. Background Facts and Proceedings

On December 10, 2013, at approximately 2:00 p.m., officers from the Pleasantville and Carlisle police departments responded to a dispatch that a vehicle was travelling northbound on Highway 5 in the southbound lane. Officers located Hannusch's vehicle and observed it, now in the northbound lane, being driven erratically—moving from lane to lane, leaving the roadway, and significantly varying in speed. Hannusch did not pull over for the officers, and soon three patrol cars were following him with their emergency lights and sirens on. After approximately five miles of chase, officers ahead on the roadway deployed stop sticks on the outside edge of Carlisle, bringing Hannusch's vehicle to a stop. The officers approached the vehicle after Hannusch failed to keep his hands up or respond when asked to get out of the car. Two officers broke out the front windows, unlocked the doors, and pulled Hannusch through the driver-side door and lowered him to the ground. The officers observed Hannusch to be "very lethargic," "very nonresponsive," looking "more or less [like] a rag doll," and unbalanced when standing. Hannusch appeared to the officers to be under the

influence of drugs or alcohol. Hannusch failed to prevent his head from hitting the ground and sustained a laceration to his forehead. Once Hannusch was handcuffed, the officers noticed the injury and contacted an ambulance.

During transport to a Polk County hospital, the Emergency Medical Technician (EMT) questioned Hannusch about whether he had been drinking and how much. The officer who accompanied Hannusch in the ambulance observed he was loud, his speech was slurred, and some of his statements did not make sense. The officer noted Hannusch appeared unable to control his emotions and would shout incoherent thoughts, including "I love you to death" followed by "don't look at me." At one point, Hannusch answered his cell phone and made the comment that "I'm in trouble, we are in trouble." The EMT asked Hannusch how much alcohol he had consumed, and Hannusch responded "too much" but later stated "not too much." Hannusch then claimed he had consumed twenty glasses of wine. The officer could not detect an odor of alcohol but concluded Hannusch's behavior seemed consistent with ingesting a large amount of alcohol.

Upon arrival at the hospital, the officer twice attempted the horizontal gaze nystagmus (HGN) test but was unable to complete it because Hannusch would not follow the officer's finger. The officer could not administer any other field sobriety tests because Hannusch was strapped to a cot and the officer did not have a preliminary-breath-test device with him. The officer invoked implied consent under Iowa Code section 321J.6 and completed an implied consent advisory form, checking the box indicating Hannusch was placed under arrest for

violating section 321J.2. Hannusch signed the advisory form and consented to a blood withdrawal. The officer, not knowing whether Hannusch would be released that day and not having received the blood specimen results, left the hospital. Hannusch's blood test later revealed a blood alcohol concentration of 0.359, and Hannusch was arrested.

On February 3, 2014, the State filed a trial information charging Hannusch with one count of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2, and one count of eluding, in violation of section 321.279(1).[1] The trial information alleged Hannusch operated a motor vehicle with a blood alcohol concentration of 0.359 and eluded law enforcement. Hannusch moved to suppress the blood test results based on the State's failure to comply substantially with Iowa Code section 321J.6, the implied consent statute. After a hearing, the district court denied Hannusch's motion.

Hannusch waived his right to a jury trial, and the district court entered a guilty verdict on December 3, 2014. The district court concluded Hannusch was "under the influence of alcohol" based on evidence that he was "driving in the wrong direction" on the highway, was speeding up and then slowing down, was "weaving from lane to lane and onto the shoulder of the roadway," had incoherent and nonsensical speech, failed to stop his vehicle for the officers, and admitted to drinking twenty glasses of wine.

---

[1] Eluding occurs when "the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop." Iowa Code § 321.279(1).

On January 16, 2015, the district court sentenced Hannusch to serve two concurrent, one-year sentences in jail, with all but four days suspended, placed him on probation, and ordered him to pay a fine plus surcharges and court costs. Hannusch now appeals his conviction and sentence for operating while intoxicated, first offense, contending the district court erred in denying his motion to suppress.[2]

## II.    Scope and Standard of Review

Hannusch asserts the district court erred in denying his motion to suppress based on a violation of Iowa Code section 321J.6.  His arguments in support of this assertion implicate the interpretation and application of that statute.  "We review the district court's decision to deny a motion to suppress based on interpretation of a statute for correction of errors at law."  *State v. Madison*, 785 N.W.2d 706, 707–08 (Iowa 2010).

## III.    Analysis

Hannusch argues the district court erred in denying his motion to suppress his blood test results because the officer failed to comply substantially with the implied consent statute, Iowa Code section 321J.6.  He contends that although the officer had reasonable grounds to believe Hannusch was intoxicated at the time he invoked implied consent, the officer never arrested him nor satisfied any of the other prerequisites set forth in section 321J.6(1).[3]

---

[2] Hannusch filed a notice of appeal prior to sentencing.  After sentencing, Hannusch filed a notice of amended appeal, explaining the earlier filing was inadvertent and requesting the amendment serve as the appropriate notice of appeal.

[3] Iowa Code section 321J.6(1) provides that an officer must have reasonable grounds to believe the person operated a motor vehicle while intoxicated and must include one of

The State responds Hannusch was under arrest at the time he signed the implied consent advisory and, even if he was not under arrest, any error was harmless because the State proved beyond a reasonable doubt that Hannusch was operating a motor vehicle while under the influence of alcohol under section 321J.2(1)(a).

"To establish harmless error, the State must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *State v. Miranda*, 672 N.W.2d 753, 761–62 (Iowa 2003) (quoting *State v. Peterson*, 663 N.W.2d 417, 431 (Iowa 2003)). Thus, the question before us becomes "whether the force of the evidence 'is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same'" without the challenged evidence. *State v. Kennedy*, 846 N.W.2d 517, 528 (Iowa 2014) (citation omitted).

Iowa Code section 321J.2(1)(a) provides:

1. A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:
    a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.

---

the following conditions: (1) the officer placed the person under arrest; (2) the person was involved in a motor vehicle accident resulting in personal injury or death; (3) the person refused to take a preliminary breath test (PBT); (4) the PBT indicated a concentration equal to or in excess of .08; (5) the PBT was administered to a person operating a commercial vehicle and the result was .04 or more; (6) the PBT result was less than .08 and the officer had reasonable grounds to believe the person was under the influence of a controlled substance, a drug other than alcohol, or a combination; or (7) the PBT showed an alcohol concentration between .02 and .08 and the person is under the age of twenty-one.

Our supreme court has explained "that a person is 'under the influence' when the consumption of alcohol affects the person's reasoning or mental ability, impairs a person's judgment, visibly excites a person's emotions, or causes a person to lose control of bodily actions." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004); *see also* Iowa Crim. Jury Instrs. 2500.5. The person's manner of driving is relevant. *State v. Dominguez*, 482 N.W.2d 390, 392 (Iowa 1992). Conduct and demeanor are also important considerations. *State v. Price*, 692 N.W.2d 1, 3 (Iowa 2005).

The record reveals overwhelming evidence Hannusch was operating a motor vehicle while under the influence of alcohol; therefore, we need not reach the issue of whether the blood test was properly admitted. Hannusch was observed driving erratically—driving the wrong way on a divided highway, weaving between lanes, leaving the roadway, speeding up and slowing down, refusing to pull over despite three patrol cars following him with their emergency lights and sirens activated, and only stopping when other officers ahead deployed stop sticks. After pulling Hannusch from his vehicle, officers observed him to be lethargic, nonresponsive, and unbalanced. In the ambulance, Hannusch was unable to control his emotions; his speech was slurred; he was talking loudly, incoherently, and nonsensically; and he admitted to drinking twenty glasses of wine. The officer stated Hannusch's behavior was consistent with consuming a large amount of alcohol. Additionally, Hannusch failed to complete the HGN test.

Based on this evidence and corroborating video footage of the incident, we conclude Hannusch was operating a motor vehicle under the influence of alcohol in violation of Iowa Code section 321J.2. Accordingly, we affirm the district court's denial of Hannusch's motion to suppress blood test results and his subsequent conviction and sentence.

**AFFIRMED.**